[No. 10171.  Department One.  June 1, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. H. A. NEIS, *Appellant*.[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS—TIME FOR TAKING. Exceptions to instructions, taken immediately after the jury retired, are within time, in compliance with Rem. & Bal. Code, § 339.

LARCENY—IDENTIFICATION OF PROPERTY—INSTRUCTIONS. In a prosecution for stealing a nugget chain, in which the issue was as to the identification of a chain found in the possession of defendant's wife, and claimed by the prosecuting witness as her chain and as the one stolen without any suggestion of error in her identification of it as her property, and defendant showed such chain to be a gift from a third person, it is reversible error to instruct the jury that, although they find the prosecuting witness to be mistaken in her identification, still they may convict if they find that the prosecuting witness did own a chain which was stolen by the defendant.

Appeal from a judgment of the superior court for King county, Gay, J., entered September 30, 1911, upon a trial and conviction of larceny.  Reversed.

[1]Reported in 123 Pac. 1022.

**600**     STATE v. NEIS.

*Sidney J. Williams* and *William R. Bell,* for appellant.

*John F. Murphy, Crawford E. White,* and *Reah M. White-head,* for respondent.

CHADWICK, J.—The state filed and caused to be certified by the trial judge a supplemental statement of facts, in which it is shown that no exceptions were taken to the instructions of the court prior to the time the jury retired to consider of their verdict. The defendant has moved to strike this supplemental record. The motion will be denied. The supplemental record is immaterial, and does not deprive defendant of any right of review in this case. The exceptions were taken immediately after the jury retired. This was a compliance with the statute. Rem. & Bal. Code, § 339. *Coffey v. Seattle Elec. Co.,* 59 Wash. 686, 109 Pac. 202.

Defendant was accused of stealing a certain nugget chain, alleged to be the property of one Ina Ryan. Mrs. Ryan identified as her own a chain afterwards found to be in the possession of the wife of the defendant. Her testimony was positive, to the extent of pointing out several marks and peculiarities, some of which, we take it from the evidence, would not be readily noticed by the casual observer. Her testimony, supplemented as it was by that of other witnesses, that she had been the possessor of a chain of like description and that the one offered in evidence was, to their best knowledge and belief, the one which the prosecuting witness had had and worn, makes the one question whether the chain offered in evidence was the chain alleged to have been stolen. The prosecuting witness left no doubt as to the identity of the property; and when the chain was introduced as an exhibit, the state was bound to show by competent evidence that defendant was guilty of the larceny of the particular chain, and could not satisfy the charge, although in general terms, by proving or inviting the jury to infer that another and different chain had been stolen. The state having made its case and rested, defendant offered testimony which, bar-

ring the presence and personality of the witnesses and which we have no way of measuring, is equally positive and tends to prove that the chain introduced as an exhibit and identified without reservation by the prosecuting witness was the property of his wife. Defendant's wife testifies that it was a gift from a former husband, who was produced as a witness at the trial and who testified that he believed it to be the same chain bought by him and his then wife, at Nome, in the year 1907. One witness swore that he was present when the chain was bought, and at the same time gave the woman a piece of nugget jewelry. This she had in her possession at the time of the trial. He and many others say that they believe the chain exhibited as the stolen property is the same chain which they had seen defendant's wife wear long prior to the alleged theft.

The testimony having so developed, the trial judge, instead of giving the usual instruction which would have confined the jury to the particular issue made by the testimony, instructed the jury as follows:

"The jury are further instructed that if you believe from the evidence that the prosecuting witness, Mrs. Ryan, owned one certain nugget chain, that she was in possession of that chain, on or about the evening of the 18th of July last, as alleged in the information; that the said chain was stolen from her by the defendant, as therein alleged; and if the jury further believes that the chain introduced in evidence as the state's Exhibit 'A' is not the identical chain so stolen and that the prosecuting witness is mistaken in the identification of the said chain as being the one stolen, then you shall find the defendant guilty, notwithstanding said mistake in identification. However, you are specifically instructed in this behalf, that you will take into consideration the prosecuting witness' mistake in identification of the nugget chain, if you find she was mistaken, as a circumstance affecting her credibility as to every other matter and fact testified by her, including that of the theft and identification of the defendant."

Under the testimony, this instruction was erroneous. The court could not by his instruction, and the jury could not by

its verdict, make an exception that the prosecuting witness had not. Neither could the jury "take into consideration the prosecuting witness' mistake in identification of the nugget chain." There was no evidence of a mistake. The prosecuting witness had not doubted her property nor suggested the possibility of error. She claimed the particular chain, and the only question open for the jury was whether exhibit A was her property. We have not found apt authority for our holding, and we doubt whether it can be found, for concrete instances of the application of elementary principles form but a slight part of our case law. But that fact in no way detracts from the established rule that instructions shall be confined to the issue and that a party charged with a theft of a specific article cannot be convicted of the theft of another. If A. says that B. stole his horse, and the jury go to view the animal, and A. says: "This is the horse that was stolen. It is my horse; I know him by the marks and brands which I now show you, and also by his build, color, and size, and by certain physical traits and characteristics;" and the evidence of ownership offered by B. is of such strength as to make it probable that A. is mistaken, it would not, we apprehend, be contended that the court could, of its own motion or upon request of counsel, inject the issue of mistake, and say to the jury that, although A. is positive in his testimony, he may be mistaken, and "if you find some other horse was stolen from him you may convict, notwithstanding you may find the horse in controversy to be the property of B." Such is this case. Whether the jury convicted defendant of stealing exhibit A. or some other nugget chain, is an open question. The verdict does not answer it, and a verdict that is without certainty cannot stand.

Reversed for a new trial.

DUNBAR, C. J., GOSE, PARKER, and CROW, JJ., concur.