[No. 10853. Department Two. May 6, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. CECIL A. MOSS, *Appellant*.[1]

ADULTERY—EVIDENCE—ADMISSIBILITY. In a prosecution for adultery with a married woman, it is admissible, on her cross-examination, testifying for the defense, to introduce an admitted copy of a letter written by her in endearing terms to another man, and entrusted by her to the defendant to deliver unaddressed, as affecting her credibility and tending to show a degree of intimacy between her and the defendant.

CRIMINAL LAW—TRIAL—ELECTION—ADULTERY. Where, on a trial for adultery charged on or about November 30, the state relied on and directed its first evidence to that specific act, and took no exceptions to instructions confining the jury thereto, there was a voluntary election by the state without the necessity of any demand to elect between the specific act charged and three other similar offenses committed in January, February and June, following, introduced in evidence for the purpose of showing the probability of the act charged.

CRIMINAL LAW—TIME OF OFFENSE—INSTRUCTIONS. Upon a trial for a specific act of adultery, committed on or about November 30th, 1911, in which there was no mistake as to the date, and the state voluntarily elected to prosecute for such act, and there was evidence of three other similar acts committed at different times, admitted for the purpose of showing the probability of the act charged, it is error to instruct the jury that the exact time of the commission of the alleged offense is not material, and that any time, if proven, on or about the time alleged and within one year next before the filing of the information, would be sufficient; especially where, at the request of the jury, the instruction was so explained as to give the jury a latitude of one year in which to find a time for the specific act when there was no evidence to warrant such latitude.

Appeal from a judgment of the superior court for Benton county, Holcomb, J., entered June 26, 1912, upon a trial and conviction of adultery. Reversed.

*Moulton & Henderson* (*H. J. Snively*, of counsel), for appellant.

*Linn & Boyle*, for respondent.

[1]Reported in 131 Pac. 1132.

ELLIS, J.—The appellant, a young man twenty-three years of age, was convicted of the crime of adultery with Florence Cornwell, a woman thirty-five years old and wife of one E. H. Cornwell. The information charged the commission of the offense on November 30, 1911, in Benton county, Washington. The appellant was a school teacher in charge of the school at White Bluffs, a small, unincorporated community in Benton county. He boarded with the Cornwells, and slept in a tent near their home. There was evidence tending to prove four separate and distinct commissions of the offense. The prosecuting witness, E. H. Cornwell, the first witness called on behalf of the state, testified positively as to seeing his wife and the appellant in the act of committing the offense on the evening of November 30, 1911, on a couch in the front room of the Cornwell residence. He testified to seeing the same thing again on January 11, 1912, and yet again on February 4, 1912. He made no complaint, told no one, but treated the appellant and his wife as usual until about March 8, 1912, when he claims to have charged his wife with the offense, and on March 10 he also spoke to the appellant about it. One John Bakheit testified that, in the month of June, 1911, he went to the Cornwell home, looked through the window of the tent occupied by the appellant, and there saw him and Mrs. Cornwell in the commission of the offense. Two other witnesses testified to having seen certain acts of familiarity between the parties. The court admitted in evidence a proved copy of a letter, couched in somewhat endearing terms, written by Mrs. Cornwell to another man, and entrusted to the appellant for delivery. We will review no further the voluminous evidence, since the foregoing are the salient facts and form the basis of the errors assigned.

It is first contended that the court erred in admitting in evidence the copy of the letter above mentioned. It was admitted on cross-examination of Mrs. Cornwell, who was a witness for the appellant, after she had admitted writing

the letter of which it was a copy, and that she had entrusted it to the appellant, unaddressed, but telling him to whom to deliver it. It was admissible on cross-examination as affecting the credibility of the witness and as tending to show a degree of intimacy between the parties. Underhill, Criminal Evidence (2d ed.), § 381; *State v. Nelson*, 39 Wash. 221, 81 Pac. 721. The court, by specific instruction, limited the consideration of this letter by the jury to the testimony of this witness alone, and as only affecting her credibility. We find no prejudicial error in its admission.

The court gave the following instruction:

"No. 4. You are instructed that the exact time of the commission of the alleged offense, charged in the information, is not material, but any time, if proven, on or about the time alleged in the information, and within one year next before the date of filing the information, would be sufficient as to the time thereof."

"No. 11a. Gentlemen of the jury, you have been instructed that the state is not required to prove the exact date of the alleged crime, but the state is required to prove the exact offense charged in the information and cannot establish the commission of the act charged by the mere proof of other and similar acts; and evidence of the commission of other and similar acts is only to be considered for the purpose of showing the probability of the commission of the act charged, and if there is no evidence of the commission of the act charged, the guilt of the defendant cannot be established by proof or offered proof of other offenses than the one charged in the information."

While there was evidence tending to prove the commission of similar offenses on three specific dates other than that charged in the information, and the appellant did not demand an election as to which act would be relied upon for a conviction, the case was tried throughout upon the theory that the state did rely for a conviction upon proof of the specific act committed as alleged in the information "on or about November 30, 1911." As stated in the state's brief, "from the beginning to the conclusion of the case the state

tried the defendant for the offense of adultery committed according to the information 'on or about November 30, 1911.' " Moreover, the first evidence of the commission of the offense was directed to that specific act and date, and the court in his instructions treated that specific act as the offense necessary to be proved in order to a conviction. The state did not object or except to the instruction. Under these circumstances, no demand for an election was necessary, as the state must be held to have voluntarily made its election.

The appellant claims that, in view of this admitted election by the state, the court committed prejudicial error in giving the foregoing instructions and afterwards in explaining them at the jurors' request. The evidence as to the specific commission of the offense charged in the information was that of the prosecuting witness that the act was committed on the exact date charged. There is no claim of a mistake in time, nor evidence on which such a claim could be based. If the specific act charged was committed at all, it was committed on the exact date as charged. While under Rem. & Bal. Code, § 2060, the precise time at which the crime was committed need not be stated in the indictment or information, but may be placed at any time prior to the finding of the indictment or filing of the information within the time in which the action may be commenced, and while this latitude is usually allowable both in allegation and proof, still when an election is made, on proof of several acts, to rely upon an act committed at a specific time, the accused can only be convicted of the specific act constituting the offense committed at about that time and intended to be so designated and distinguished from other acts in evidence. He must be convicted, if at all, of that exact offense; not of another similar act. The question here presented is not one of allegation, but of proof and of instructions applicable to the proof. The instructions should have been so worded, and on request of the jury so explained, as not to per-

mit the jury to convict the accused of any similar offense committed at another time, and not at a time either charged or intended to be charged in the information, nor sustained alone by evidence not directed to that specific act. The evidence as to the commission of other similar acts was not direct evidence of the commission of the specific act charged and selected as the basis for conviction, but was only evidence of circumstances tending to show a probability that the testimony as to that specific act was true; that is to say, it was only admissible and could only be considered as tending to show a probability of the commission of the act charged.

The instruction numbered 11a, above quoted, standing alone, was unobjectionable. It correctly stated the law as applied to the facts in evidence. The instruction numbered 4, above quoted, while a correct statement of the general rule as applied to cases where the evidence is confined to one act or where there is no election, was misleading when applied to the particular facts in evidence. Standing alone it would inevitably convey to the lay mind an impression that the jury would be justified in a conviction on proof of any act of the kind charged in the information committed within one year next before the filing of the information. It was thus capable of a construction that would permit a conviction for the act testified to by the witness Bakheit as committed in June, 1911, in the tent, a different though similar act committed at a different time and place from that charged. Instruction No. 4 was unnecessary and should not have been given. That the two instructions taken together were calculated to, and actually did, mislead and confuse the jury is shown by the sequel. The jury returned to the court room for an explanation of instruction No. 4. The following colloquy took place:

"A Juror: Your Honor, we have come to the conclusion to ask you how to construe Instruction No. 4. Some construe it in one way and some another, and we would like to

have it settled, No. 4. The Court: (Addressing the attorneys) Have you any objections? Both Counsel: No, sir. The Court: I cannot instruct you any further; the law forbids me to give you any different instructions after the case is closed, except to elucidate some of the instructions. (The court re-reads instructions numbered '4' and '11a.') The Court: To explain No. 4, it means that when a criminal offense is charged, there is a limit to the time that the prosecution can be commenced, for that class of offenses; and the information charges a certain time usually, but it is not necessary to prove the exact date that may be alleged in the information; the information may be incorrect as to the exact date; but any time, if proven of that offense which they charge, within the time limit, will be sufficient as to the date. The offense charged is capable of definite proof, and the circumstances surrounding it, but the date need not be definitely proven, that is, the date alleged in the information; that is, if they prove some date and the circumstances as charged in the information, and within the time limited by law. A Juror: Does that mean, if the offense is proven at any time within the year that covers the close of the specified time? The Court: Yes; but the state must rely upon the charge they preferred in proving the case. A Juror: I mean by that the credibility of the main witness previous to the credibility of the prosecuting witness; if the jury would be satisfied that the crime had been committed by the testimony of the witness previous to the prosecuting witness, would that be sufficient? The Court: I don't want to get any error in the record here by going too far. (The court again reads instruction '11a.') In other words, evidence of other offenses than the one charged in the information is received in this case in a certain way for the purpose of showing the probabilities in the case, and only that. The offense alleged here is, as alleged, as on or about November 30, 1911. A Juror: In speaking about that date, what latitude will that have? The Court: One year before the filing of this prosecution. (The jury again retire.) Mr. Moulton: The defendant excepts to the form and the substance of the explanation made by the court, of the instruction, at the request of the jurors, but does not except to the manner of giving it in open court, it being our purpose to except to the form of the instruction and the substance, for the

reason that it does not correctly state the law applicable to the case."

The court's explanation was in the main correct, but as shown by the last question of the juror and the answer of the court, it did not clear up the confusion produced by the fourth instruction. The jury was, by the court's answer, given a latitude of one year in which to find a time for the specific act, when there was no evidence as to that act on which such a latitude could be predicated. This tended to nullify the whole effect of the explanation. There was no evidence of any offense within the specified year save as to other distinct acts. The jury, after the manifest confusion produced by the fourth instruction, should have been told that they could only convict for the specific act charged as committed on or about the date charged. The admission of evidence of other acts and the election of the state made the time fixed by the only witness who testified to the act charged a material factor in proving that offense. There being other acts in evidence, that time became a material circumstance in identifying the offense for which the appellant was tried, as distinguished from the evidentiary acts for which he was not tried. The approximate time thus became a part of the issue. The situation thus presented falls logically within the principle announced in *State v. Neis*, 68 Wash. 599, 123 Pac. 1022. Instruction No. 4 and the court's explanation assumed that there might be a mistake in the date, when there was no evidence of mistake or of any other date of the offense charged. It could, therefore, only mean to the jury that they might convict for the other offense. The principle that the evidence may narrow the issue so as to make the exact time a material factor is announced in *State v. King*, 50 Wash. 312, 97 Pac. 247. In that case the defendant was prosecuted for obtaining money under false pretenses. The defense was an alibi. The state's witnesses fixed the date of the crime as between the 12th and 15th of February. We held that the date of the commission of the

crime was material, and that an instruction to the effect that the exact date was immaterial, and that it was sufficient if defendant committed the crime at any time within the period of three years before the filing of the information, was misleading and erroneous. So, also, in the case before us. The issue was narrowed so that the time became material.

Complaint is made of the failure to give an instruction offered by the appellant on this point which, while correct as stating this principle, was objectionable in that it was a near comment upon the evidence. It was properly refused. The court, however, having instructed the jury upon this point in a confusing manner, and the error having been again committed in the court's explanation to the jury, and exceptions having been taken both to the instructions and the explanation, we think there can be no question that the error was prejudicial and that a new trial should be had.

The judgment is reversed, and the cause remanded for a new trial.

CROW, C. J., MAIN, MORRIS, and FULLERTON, JJ., concur.