## JOE McCLATCHEY v. STATE.

No. A-2464.   Opinion Filed December 2, 1915.

(152 Pac. 1136.)

1. HOMICIDE — Evidence—Instructions—Defenses. In a homicide case the defendant testified that the deceased came to his home armed with a pistol and commenced the difficulty; that he took the pistol from him, and that the deceased then assaulted him with a knife cutting his clothes and he then shot the deceased in self-defense. Exception was taken to the following instruction: "You are also instructed that there is no evidence in this case to show that the homicide was justifiable or excusable within the meaning of those terms as used in the statutes of the state of Oklahoma, therefore I will not undertake to define those terms to you." Held, prejudicial error.

.2 BURDEN OF PROOF—Reasonable Doubt—Degree of Offense. The burden does not rest upon the defendant, to establish even to a reasonable probability, the truth of an affirmative defense; if, upon the evidence both for the state and the defendant a reasonable doubt is created as to the guilt of the defendant, he is entitled to the benefit of it, and where the crime charged is distinguished into degrees the defendant is entitled to the benefit of that doubt, as well with respect to the degree of the crime as to every essential element of that degree, and in these respects the burden never shifts from the state to the defendant.

(Syllabus by the Court.)

*Appeal from District Court, Haskell County;*
*W. H. Brown, Judge.*

Joe McClatchey, was convicted of murder and appeals.
Reversed.

*Henry Carr* and *A. L. Beckett,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen.,
for the State.

DOYLE, P. J.   The plaintiff in error, herein referred to as
the defendant, was informed against for the crime of murder
alleged to have been committed by killing one Columbus Hess by
shooting him with a pistol.   Upon the trial the jury found the
defendant guilty of murder assessing the punishment at imprison-
ment in the penitentiary for the term of his natural life.   A
motion for a new trial was duly filed, overruled and judgment
was rendered in pursuance of the verdict on the 22nd day of
December, 1914.   To reverse the judgment an appeal was per-
fected by filing in this court on May 19, 1915, a petition in error
with case-made.

It appears from the testimony of C. N. Wilson, Warren
Culver, O. E. Nance, and Jack Stansell, the witnesses for the
state, that they and the defendant, McClatchey and the deceased,
Columbus Hess, were together at the home of the witness Wilson
which was three miles west of Tamaha, in Haskell county, and
went from there to the home of the defendant.   That all the
parties were drinking alcohol and all became more or less intoxi-
cated; that witness Wilson and the deceased had a difficulty and
drew their knives and the defendant told them to give him their
knives.   Wilson gave him his knife and the deceased refused.
The defendant with a pistol in his hand advanced on the deceased
who was backing away from him and fired one shot into the
ground.   The deceased said, "that don't scare me a damn bit,"
and the defendant fired the fatal shot.   Death resulted in a few
minutes.   As a witness in his own behalf the defendant testified
that when the difficulty started he took the pistol from the

deceased and shortly after the deceased assaulted Wilson with a knife. That he asked the deceased to give him his knife and the deceased threatened to cut him and said, "I will give it to you but it will be in the guts," and he reached out and struck at him with a knife, cutting his clothes and he then shot him in self-defense.

The principal question in the case is whether the jury were properly instructed by the court with respect to the aspects introduced into the case by the testimony of the defendant.

The court gave the following instruction to which an exception, was taken:

"You are also instructed that there is no evidence in this case to show that the homicide was justifiable or excusable within the meaning of those terms as used in the statutes of the state of Oklahoma, therefore I will not undertake to define those terms to you."

The attorney general has filed a confession of error in part as follows:

"The instructions of the court usurp the province of the jury and take from them the right to pass on the degree of the crime and as a fact tells them that there is no self-defense, or justifiable or excusable homicide in this case. We think this was error and confess the same to the court."

We are of the opinion that the confession of error is well founded and should be sustained. On a trial of an indictment or information, questions of law are to be decided by the court and questions of fact are to be decided by the jury, and the jury must be left entirely free to determine the facts, the weight of the testimony and the credit to be given the witnesses. It also appears that the effect of instructions numbered six and seven, given by the court, was to place the burden of proof of justifiable homicide in self-defense on the defendant. These instructions were not objected to, or exceptions taken thereto, however, as this case must be tried again, we think it is proper to remark that the rule is well settled that the burden does not rest upon

the defendant, to establish even to a reasonable probability the truth of an affirmative defense; if upon the evidence both for the state and the defendant, a reasonable doubt is created as to the guilt of the defendant, he is entitled to the benefit of it, and where the crime charged is distinguished into degrees, the defendant is entitled to the benefit of that doubt, as well with respect to the degree of the crime charged and with reference to every essential element of that degree, and in all these respects the burden never shifts from the state to the defendant. We are of the opinion that the defendant has not had that fair and impartial trial which the law guarantees to one accused of crime. It follows that the conviction and judgment should be reversed, and a new trial ordered.

The warden of the penitentiary will surrender the plaintiff in error to the sheriff of Haskell county, who will hold him in custody until otherwise ordered according to law.

FURMAN and ARMSTRONG, JJ., concur.