# DEWEY EALUM et al. v. STATE.

No. A-4668.   Opinion Filed May 23, 1925.
Rehearing Denied Oct. 30, 1925.
(239 Pac. 933.)

Jordan & Burke, for plaintiffs in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiffs in error will be referred to as defendants, as in the court below.   The defendants were convicted in the district court of Choctaw county on a charge of burglary in the second degree, and sentenced to a term of two years in the penitentiary, and appeal.

The information charges the commission of the offense on or about the 20th day of June, 1922, and the proof was

of that date. In the briefs, both for the defendants and the state, it is contended that the offense, if committed, was on that date and no other. The defense was an alibi; each of the defendants separately offered evidence that he was at a different place at the time when the evidence on the part of the state showed the commission of the offense. The evidence was sharply conflicting, but its weight and credibility was for the jury.

The trial judge instructed the jury that the exact time when the offense was alleged to have been committed was immaterial, and that the proof of the commission at any time within three years prior to the date of the filing of the preliminary complaint would be sufficient as to the time. The trial judge further gave separate instructions covering the defense of alibi to the effect that evidence had been offered by each of the defendants tending to show that they were at a different place at the time of the commission of the alleged offense, and that they should consider all the evidence on that point along with all the facts and circumstances as to the whereabouts of the defendants, at the time, and, if they entertained a reasonable doubt of the guilt of the defendants, they should acquit. There was no evidence of any other burglary or any other date fixed than the 20th day of June, although the owner of the building charged to have been burglarized testified he had lost goods or merchandise before.

It is here argued the giving of the instruction that the exact time of the commission of the offense was not material in this case, the defense being an alibi, is prejudicial error. In support of this contention defendants cite the following cases: State v. King, 50 Wash. 312, 97 P. 247, 16 Ann. Cas. 322; State v. Coss, 53 Or. 462, 101 P. 193; State v. Moss, 73 Wash. 430, 131 P. 1132; State v. Clark, 27 Idaho, 48, 146 P. 1107; People v. Williams, 133 Cal. 165, 65 P. 323.

The Coss Case, supra, is a case wherein rape is charged, and several acts appear in the testimony. The Moss case, supra, is a charge of adultery, and four separate and distinct acts appear in the evidence. The Clark case, supra, is an incest case, and more than one act appears in the evidence. The Williams case, supra, is an adultery case, and numerous acts appear in the evidence.

In all these cases it was proper to offer evidence of other acts, as it would be under our practice, in order to show the relation, inclination, and intent of the parties. But to warrant a conviction it would be necessary to rely upon one specific act, and it would be further necessary that the jury be limited to one act. Therefore an instruction that the time of the commission of the offense is immaterial, would permit a part of the jury to convict on proof of one act and part on another. The cases just named upon that view are of no particular application to the contention here made. The King Case, supra, is more in point, and we perceive no distinction in principle between the rule announced there and the contention made in this case. There was in that case, however, error upon a different point, in that the court in its instructions to the jury made a disparaging statement of the defense of an alibi, which is given as one of the reasons for a reversal of the case. We agree with the holding in that case that, where the offense, if proven, is upon a certain date, it is erroneous to give the jury the instruction complained of, to the effect that the exact time is immaterial, for the reason that it serves no purpose and has no application. But does it result in prejudice to the defendants where the time proven is fixed and definite and the evidence of the state refers to but one date, and the alibi offered is also direct and positive, fixing one and the same date? What confusion can arise by reason of this instruction? It is based on section 2559, C. S. 1921, and is properly given in any case where a single offense is proven and where any confusion of dates as to

the time of its commission may arise from the evidence. Where no confusion of dates arises, it is not proper to give it, but we fail to see how it was prejudicial. See Star v. State, 9 Okla. Cr. 210, 131 P. 542; Ostendorf v. State, 8 Okla. Cr. 360, 128 P. 143; Castleberry v. State, 10 Okla. Cr. 504, 139 P. 132.

It is not such error as requires a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.