## GEORGE LITTLE STAR v. STATE.

No. A.-8593.   Jan. 18, 1934.
Rehearing Denied Feb. 16, 1934.
(29 Pac. [2d] 995.)

L. R. Stith (F. E. Chappell, on the brief), for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Rogers county of the offense of driving an automobile while intoxicated, and his punishment fixed by the jury at a fine of $700 and imprisonment in the state penitentiary for a period of nine months.

The evidence of the state is conclusive that defendant was driving his automobile on highway No. 66, near the town of Claremore, while intoxicated, and that while so driving he collided with a car driven by R. A. Crawford, seriously injuring Crawford and members of his family.

It is first contended the trial court erred in denying defendant a continuance because of an amendment to the information after the case had been called for trial but before the jury was impaneled.

The amendment complained of was a change of date on which it was alleged the offense was committed from the 7th day of January, 1932, to the 16th day of December, 1931.

The trial court offered defendant a continuance of four days, which he refused to accept, demanding a continuance for two weeks.

It was not incumbent upon the court to allow a continuance. Under the original information there would have been no variance between the allegation as to time alleged in the information and the date charged therein, as time was not a material element of the offense. When sections 2830 and 2887, Oklahoma Statutes 1931, are considered with French v. State, 17 Okla. Cr. 542, 190 Pac. 207; Johnson v. State, 21 Okla. Cr. 17, 204 Pac. 311; Elkins v. State, 29 Okla. Cr. 175, 233 Pac. 491; Ealum v. State, 32 Okla. Cr. 197, 239 Pac. 933; Lewis v. State, 39 Okla. Cr. 119, 263 Pac. 473; and Paul v. State, 41 Okla. Cr. 164, 272 Pac. 485, it is apparent there is no merit in this contention.

It is also contended the court erred in permitting the state to indorse the names of additional witnesses on the information on the eve of the trial, without granting defendant a continuance.

It appears from the record that counsel objected to the indorsement of additional names of witnesses on the information, without asking any further continuance than that demanded under his objection to the amendment of the information. No affidavit was filed showing surprise or necessity for a continuance; counsel evidently preferring to stand on the record already made. There was no abuse of discretion in permitting the indorsement of the additional names and refusing a continuance because of such indorsement.

It is next contended the court erred in refusing to permit defendant's counsel to interrogate the prosecuting witness upon the question of a civil suit for damages pending against defendant, growing out of this collision.

It appears from the record that, when defendant's counsel asked the prosecuting witness if he had not filed a civil suit for damages arising out of this collision, the county attorney objected, and the court sustained the objection, saying: "It would make no difference." Counsel for defendant then suggested to the court they desired to interrogate the witness upon that matter to show his interest, to which the court said: "I don't think the fact that he filed a suit would have any bearing on the guilt or the innocence of the defendant." Thereupon the state withdrew its objection to the questions asked, and offered to permit defendant to introduce the petition in the damage case and show by the witness that he had brought such a suit. Thereupon the court offered to permit defendant to cross-examine the witness Crawford, but he declined to do so. Such action on the part of counsel for defendant amounted to a waiver of objections and estopped defendant from raising the question in this court.

In this connection counsel for defendant also complain of certain remarks of the trial judge which relate to the materiality of this evidence, but, inasmuch as there appears to be no objection made to the remarks of the court nor any request to have the judge instruct the jury not to consider such remarks, the question is not properly raised in this court.

Finally, it is contended the trial court erred in permitting the jury to consider evidence of other offenses committed by defendant by driving a car while intoxicated on the same day this collision occurred, but three or four hours previous to the collision.

A witness may express his opinion as to the drunken condition of a person in cases of this character. Collins v. State, 15 Okla. Cr. 96, 175 Pac. 124.

The state has a right to prove the drunken condition of the driver of an automobile five or six hours after the injury occurs. Nail v. State, 33 Okla. Cr. 100, 242 Pac. 270.

Where evidence of intoxication is material to the charge, the same may be proved to have existed both before and after the alleged offense. 1 Wigmore on Evidence (2d) Ed.) § 235; People v. Salladay, 22 Cal. App. 552, 135 Pac. 508; People v. Nakis, 184 Cal. 105, 193 Pac. 92; People v. Collins, 195 Cal. 325, 233 Pac. 97.

There being abundant evidence to support the verdict of the jury, and no reversible error appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.