## STANLEY v. STATE.

No. A-11751. June 10, 1953.

(258 P. 2d 690.)

Charles M. Wilson, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Charles Wilburn Stanley, was charged by an information filed in the county court of Beckham county with driving an automobile on the public highway while under the influence of intoxicating liquor; was tried, convicted and sentenced to pay a fine of $25 and has appealed.

Three specifications of error are set forth in the brief of defendant. First, the trial court erred in giving instruction No. 3. Second, the trial court erred in giving instruction No. 6. Third, the trial court erred in refusing to give defendant's requested instruction No. 1.

For a better understanding of the legal points involved in these specifications of error, a short statement of the facts is required. Two witnesses testified for the state, and the defendant and another witness testified for the defendant. The state's proof showed that two highway patrolmen, the sheriff and the under-sheriff had been informed that a motorist had killed a calf on Highway 41, west of Sayre, and the four started in the patrol car to investigate.

It was at night. About three or four miles west of Sayre, they came upon a pick-up truck weaving back and forth across the road. The patrolmen honked their horn and finally turned on their siren and stopped the pick-up. It was being driven by the defendant. The defendant was unsteady on his feet, had an odor of intoxicating liquor on his breath, talked in an unusual manner as if he "was thick-tongued", and, in the opinion of the sheriff and highway patrolmen who testified for the state, he was intoxicated.

The defendant testified that he was engaged in farming and used the pick-up truck to haul produce and other things on the side. He admitted driving the Ford pick-up truck at the time in question on August 11, 1951, but denied that he was intoxicated. He said the old truck was in a wobbly condition and that immediately after his arrest he decided it would cost too much to have it fixed so he sold it for junk. He further testified that he had been to Coy's beer tavern shortly before starting home and had drunk four bottles of beer; that immediately

after drinking this beer, he started for his farm but he was not intoxicated; that it would take about 15 bottles of beer to make him intoxicated.

Dewey Counts testified that he operated a service station and on the night in question he sold the defendant some gasoline and two fuses for his pick-up which the defendant placed in his car so that his lights would work. He noticed nothing unusual about the accused and did not believe he was under the influence of intoxicating liquor.

Instruction No. 3, about which the defendant complains, provides in part as follows:

"* * * if you should find and believe from the evidence, beyond a reasonable doubt, that the defendant in the county of Beckham and the State of Oklahoma, on or about the 11th day of August, 1951, *or at any time within three years prior to the filing of the information herein, to-wit: the 13th day of August, 1951*, did then and there unlawfully, wrongfully, willfully, and intentionally drive on the public highway to-wit: State Highway 41 West of Sayre, Oklahoma, while he, the said Charles Wilbur Stanley was then and there under the influence of intoxicating liquors, then in that event you will find the defendant guilty as charged and so say by your verdict."

It is the contention of the defendant that that part of the instruction which we have italicized above was erroneous and prejudicial in view of the testimony of the defendant. Counsel concede that as a general proposition, where time is not a material ingredient of the offense, that it would not be erroneous to give such instruction. Here the defendant testified as follows:

"Q. Mr. Stanley I will ask you this, will you tell the jury that you drink whiskey and beer. A. I do now and then, occasionally. Q. You don't think there is anything wrong with it? A. No, I don't."

It is contended that the jury or some member of the jury might not have believed the defendant was intoxicated on the particular date in question but, in view of his testimony above quoted, they might have concluded that he might have been driving his automobile while intoxicated at some other time within the three-year period prior to the filing of the information. It is noteworthy, however, that defendant nowhere admitted ever having driven a motor vehicle while intoxicated.

We have given this question serious consideration because it has substantial merit. In Ealum v. State, 32 Okla. Cr. 197, 239 P. 933, this court held:

"Unless time is a material ingredient of the offense, the precise time at which an offense was committed need not be stated in an indictment or information, and, if stated, a variance between the proof and the allegation as to the date is not material so long as the crime is proven within three years prior to the initiation of the prosecution.

"Where, under the charge or evidence, confusion as to the date upon which an offense is alleged to have been committed arises, it is proper for the trial court to instruct the jury that the precise time at which the offense was committed is not material, if within the three-year period. Where, however, no such confusion arises, such instruction is unnecessary, but, in the absence of prejudice to the defendant, the giving of such instruction is not reversible error."

In the body of the opinion, it is stated.

"We agree with the holding in that case that, where the offense, if proven is upon a certain date, it is erroneous to give the jury the instruction complained of, to the effect that the exact time is immaterial, for the reason that it serves no purpose and has no application. But does it result in prejudice to the defendants where the time proven is fixed and definite and the evidence of the State refers

to but one date, and the alibi offered is also direct and positive, fixing one and the same date? What confusion can arise by reason of this instruction? It is based on section 2559, Compiled Laws 1921 [22 O.S. 1951 § 405], and is properly given in any case where a single offense is proven and where any confusion of dates as to the time of its commission may arise from the evidence. Where no confusion of dates arises, it is not proper to give it, but we fail to see how it was prejudicial."

We do not believe that there was confusion in the minds of the jury concerning the issue as to whether they were determining the guilt or innocence of the defendant of driving the motor vehicle while intoxicated on August 11, 1951. All of the proof of the state was directed at that specific date, and the proof of the defendant in rebuttal to that offered by the state was directed at that specific date. We cannot believe that the testimony of the defendant that he had on occasion drunk intoxicating liquor would cause the jury to find him guilty of driving the motor vehicle on the specific date in question, nor do we think it would cause the jury to find him guilty because they thought he had, at some other time in the past and not on the date to which all of the evidence was directed, been guilty of driving a motor vehicle on a public highway while intoxicated. In most of the cases appealed to this court we find this general instruction given in much the same language as that in the instruction of which the defendant makes complaint. We repeat for emphasis what was said by this court in the Ealum case, supra, that where the time proven is fixed and definite and there is no confusion of dates, such general statement should not be given. However, in an ordinary case the giving of such instruction would not be erroneous and would only be surplusage.

In the case of Little Star v. State, 55 Okla. Cr. 294, 29 P. 2d 995, the defendant was convicted of driving an automobile on a highway while intoxicated and one of the errors alleged on appeal was the amendment of the information, after the trial had started, to change the date the offense was committed from January 7, 1932, to December 16, 1931, and this court held:

"Unless time is a material ingredient of the offense, the precise time at which the offense was committed need not be stated in the indictment or information, and, if stated, a variance between the proof and the allegation as to the date is not material, so long as the crime is proven within three years prior to the initiation of the prosecution."

There are a large number of cases cited in the above opinion in support of this rule. The rule itself is in harmony with the statute, which provides:

"The precise time at which the offense was committed need not be stated in the indictment or information; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense." 22 O.S. 1951 § 405.

The second assignment of error is directed at instruction No. 6, which reads:

"The defendant, in addition to his plea of not guilty, says that, though he drove the car at the time and place alleged in the information he was not intoxicated at the time he so drove the same but was sober *and if you entertain a reasonable doubt thereof*, then you will acquit the defendant."

It is the contention of the accused that this instruction places the burden of proving his innocence on the defendant and deprives the defendant of the presumption of innocence. This court has held in many cases that an instruction is erroneous which places the burden upon the defendant to establish the truth of an affirmative defense. McClatchey v. State, 12 Okla. Cr. 173, 152 P. 1136; Remillard v. State, 10 Okla. Cr. 438, 133 P. 1132, 137 P. 370; Slate v. State, 15 Okla. Cr. 201, 175 P. 843.

We do not believe that the instruction was misleading to the jury and prejudicial to the defendant. Especially is this true when we read it in connection with the next paragraph of the instructions, which state:

"The defendant in a criminal case is not required to prove his innocence, but the burden is upon the state to prove him guilty of the offense charged against him. He is presumed to be innocent of such charge until his guilt thereof is established by legal evidence beyond a reasonable doubt. And in case the jury has a reasonable doubt as to the guilt of the defendant, they must acquit him and return a verdict of not guilty."

The instruction complained of would have been better worded if the court had eliminated the phrase "and if you entertain a reasonable doubt thereof", and in lieu of such statement had said "and unless you are convinced from the evidence beyond a reasonable doubt that defendant was intoxicated at the time in question * * *." The court not only stressed the presumption of innocence with which the defendant was clothed, as quoted in the instruction above given, but he emphasized the duty of the state to prove the defendant guilty beyond a reasonable doubt in other instructions. In wording an instruction in connection with the use of the phrase "reasonable doubt", a trial court should be very careful to so word the instruction as to not cast upon the defendant any burden of proving his innocence. Even though we think the instruction complained of is not aptly worded, it is in many ways similar to an instruction given in Carter v. State, 21 Okla. Cr. 247, 206 P. 539, which was approved by this court.

Defendant's requested instruction No. 1, which was refused by the court, and which refusal is assigned as the third specification of error, has the same imperfection as is attributable to instruction No. 6. This requested instruction reads:

"You are instructed that the question of whether or not the defendant. Charles Wilbur Stanley, was under the influence of intoxicating liquors as charged in the information is one of fact to be determined by this jury upon consideration of all the facts and circumstances of this case, and if after such consideration you entertain a reasonable doubt that the defendant was under the influence of intoxicating liquors as charged in the information you will return a verdict of not guilty."

The statements we have hereinabove made concerning the underscored words in instruction No. 6, given by the court apply with equal force to the italicized words in defendant's requested instruction No. 1. The defendant did not properly preserve the record by saving his exception to the refusal to give this instruction. Furthermore, the refusal to give it was not erroneous because the substance of this instruction was covered by the other instructions which were given by the court.

After careful consideration of the record, we are convinced that there are no errors of sufficient importance to justify or require a reversal of the conviction.

The judgment and sentence of the County Court of Beckham County is therefore affirmed.

POWELL, P. J., and BRETT, J., concur.