Esther **BUCHANAN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–18095.

Court of Criminal Appeals of Oklahoma.

July 18, 1973.

Justus Hefley, Anadarko, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Esther Buchanan, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Caddo County, Oklahoma, Case No. CRT–72–2134, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, her punishment was fixed at ten (10) days in the county jail and a fine of one hundred dollars ($100) and costs. From said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, at the trial Howard Cain and Ron Greer, Oklahoma Highway Patrol Troopers, testified that on September 2, 1973, at approximately 7:00 p. m. they were holding a vehicle check on U.S. Highway 62, three miles west of Anadarko, when they noticed a 1966 Oldsmobile traveling east. The vehicle pulled off on the side of the road "about half on the shoulder and half on the roadway and just stopped." (Tr. 5) Officer Cain got into his patrol car and proceeded toward the vehicle. Thereafter, the vehicle pulled back onto the roadway and Officer Cain turned on his red light and stopped the vehicle. Officer Cain then asked the defendant to step from the car, at which time he observed the defendant's balance was unsteady, her speech was slurred and her breath smelled of alcohol. In his opinion the defendant was very intoxicated. Officer Cain then advised the defendant of her rights under the Implied Consent Law and the defendant agreed to take the breathalyzer test, which was later administered by Officer Cain. The test revealed a .17 blood alcohol content.

Joe Williams next testified for the State. He testified that he was employed as a Lieutenant Supervisor for the Oklahoma Highway Patrol; that on August 4, 1972, and September 3, 1972, he checked the breathalyzer machine which was used to administer the test to the defendant and the machine was operating properly.

The defendant testified that she was not driving the vehicle but that one Berniece Koomsa was driving; that Berniece Koomsa did not have a driver's license and pulled off of the road, asking the defendant to take over after observing the vehicle inspection ahead. Defendant further testified that she had a black eye, was nervous and that she had been physically abused by her husband prior to that time; that she had two or three drinks, but that she was not under the influence of intoxicating liquor at the time of the arrest.

The defendant's first proposition asserts that the trial court erred in not granting a mistrial based upon the testimony of patrolman Joe Williams. At page 20 and 21 of the transcript the following appears:

"Q. Officer Williams, I want to ask you what does a reading of .17 on this particular machine indicate or show?

"MR. HEFLEY: Your Honor, we're going to object. There is no testimony that there is a reading of .17, only testimony is that there is 17%.

"Q. Your Honor, my witness testified it was a reading of .17 on the machine. I asked . . .

"THE COURT: Objection will be overruled.

"MR. HEFLEY: Challenge the record, note our exceptions.

"THE COURT: Exception noted.

"Q. You may answer the questions, Officer Williams.

"A. A reading of .17 hundredths per cent reading on the Breathalyzer, under State law would be conclusive evidence that the person, whom this test was run on, would be under . . definitely under the influence . .

"MR. HEFLEY: Your Honor, we're going to object and move that that be stricken and move for a mistrial. It's not conclusive under State law.

He is quoting the law here, it's just his opinion, Your Honor. And move for a mistrial, respectfully.

"THE COURT: Well, it will be overruled.

"MR. HEFLEY: Well admonish the jury.

"THE COURT: I'll admonish the jury for the fact that this isn't conclusive but it's the opinion of the Officer giving the testimony and you may take it for the probative value of which he is not to.

"MR. HEFLEY: We again move for a mistrial.

"THE COURT: Overruled."

■ In the case of Spomer v. State, Okl.Cr., 395 P.2d 657 (1964), this Court held it is error for a layman to expound to the jury on the law as it pertains to any phase of criminal jurisprudence. Although in the instant case it was error for Officer Williams to testify before the jury what he believed the law to be, we believe it was harmless error. See 20 O.S.1971, § 3001. The trial judge in the instant case properly admonished the jury that Officer Williams' testimony as to what a .17% reading meant was his opinion only and that a reading of .17 hundredths of one per cent was not conclusive evidence. The trial court further properly instructed the jury that if the defendant's blood contained ten hundredths of one per cent or more by weight of alcohol, then it is prima facie evidence of the fact that the person was under the influence of intoxicating liquor or alcohol. We therefore find this proposition to be without merit.

The defendant's second proposition asserts that the trial court erred in refusing to give the defendant's requested instructions to the jury, thereby depriving the defendant of a fair and impartial trial.

■ We have thoroughly reviewed the defendant's requested instructions and the instructions given by the trial court. It is

our opinion that the trial court's instructions substantially covered the defendant's requested instructions. Further, we believe the trial court's instructions, when considered as a whole, fairly state the law applicable to this case. In the case of Stanley v. State, 97 Okl.Cr. 92, 258 P.2d 696 (1953), this Court held in paragraph 4 and 5 of the Syllabus:

"Instructions must be considered as a whole and when taken altogether, if they fairly state the law of the case and are not misleading or confusing to the jury, they will be held sufficient.

"It is not error to refuse to give a requested instruction where the substance of such requested instruction is included in the instructions which are given."

We therefore find no error in the trial court's instructions.

It is therefore our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BUSSEY, J., concurs.