## LAURA COURTNEY v. STATE.

No. A-2385.   Opinion Filed December 1, 1915.

(152 Pac. 1134.)

1. **INSTRUCTIONS — Burden of Proof.** Instructions which place upon the accused the burden of proving any issue in a criminal case by a preponderance of the testimony, are fundamentally erroneous.

2. **INSTRUCTIONS—Issue.** Instructions should be clear cut and concisely state the rule of law applicable to the issue under the proof.

*Appeal from County Court, Garfield County;*
*Winfield Scott, Judge.*

Laura Courtney was convicted of violating the prohibitory law, and appeals. Reversed.

*J. W. Steen* and *L. C. McLean,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Laura Courtney, was convicted at the November, 1914, term of the County Court of Garfield county on a charge of selling intoxicating liquor, and her punishment fixed at imprisonment in the county jail for thirty days, and a fine of fifty dollars. The only assignment of error founded in merit is based upon the contention that the court erred in giving the following instruction to the jury:

"You are further instructed. that the testimony of the defendant is that she was not at the place said alleged violation of the law took place and did not know anything about it and had nothing to do with the violation alleged. That is what in law is called an alibi, and the defendant is not required to establish that defense beyond a reasonable doubt but may establish it by a preponderance of the testimony, and in this connection before you can find a verdict against the defendant you must be satisfied beyond a reasonable doubt that she was at the place where the violation is alleged to have occurred by the state.

"The state must establish beyond a reasonable doubt that the defendant was present and committed or participated as alleged in the commission of the violation alleged, and if the proof leaves it doubtful in the minds of the jury whether the defendant was present at or absent from the place where the crime was alleged to have been committed, the defendant should be acquitted."

We do not feel that a lengthy discussion of the error contained in the foregoing instruction is warranted. It is not the law in this jurisdiction and never has been that an accused has to establish any particular fact in a criminal case by a preponderance of the testimony. Alibi is a defense recognized by the law of the land. The burden in a criminal prosecution is always upon the state and is never placed upon one accused of crime. It is only necessary in any criminal trial, in order to warrant an acquittal, that the whole testimony or lack of testimony shall be sufficient to raise a reasonable doubt as to guilt. To say that an accused has to establish his defense by a preponderance of the testimony would be to repeal the law which guarantees every man a fair and impartial trial, and clothes him with the presumption of innocence until his guilt is established beyond a reasonable doubt. Just what prompted the trial court to insert the second paragraph of this instruction is not clear; it is evident that sufficient consideration was not given the same before it was submitted to the jury.

It is the duty of trial courts to give instructions to the jury which are clear and concise. The foregoing instruction is

contradictory in material respects, and anything but clear when considered as a whole.

The judgment is reversed and the cause remanded with direction to grant a new trial, according to law.

DOYLE, P. J., concurs; FURMAN, J., absent.