# WATT ADAIR v. STATE

No. A-2741.   Opinion Filed April 14, 1919.

(180 Pac. 253.)

1. **PRELIMINARY EXAMINATION—Criminal Complaint on Examining Trial—Sufficiency.** · Technical accuracy is not required in criminal complaints before a justice of the peace on an examining trial: and, where the complaint intelligently informs the defendant of the offense with which he is charged. it is sufficient.

2. **SAME—Examination and Commitment—Jurisdiction of District Court.** Where upon an examining trial on a felony charge the evidence shows that any felony has been committed, and that the defendant is probably guilty thereof, it is the duty of the examining magistrate to hold the defendant for the offense shown by the evidence and to indorse upon the commitment the offense, but where such an indorsement is not made, if the transcript of such magistrate of the case filed in the district court shows such order of commitment, this is sufficient to give the district court jurisdiction.

3. **LARCENY—Description of Property.** In an information for the offense of larceny of live stock which describes the live stock stolen as "two certain steers," it is a sufficient description of the property charged to have been stolen.

4. **TRIAL—Instructions—Burden of Proof.** Instructions should be clear-cut; and. where they are involved and place the burden of proving an affirmative defense upon the defendant, they constitute reversible error.

5. **EVIDENCE—Reasonable Doubt—Good Character.** Evidence of good character may generate a reasonable doubt of guilt, where without such good character no reasonable doubt of guilt would exist, but evidence of good character must be considered in connection with all the other evidence, facts, and circumstances appearing in the trial: .and. if after considering all. of the evidence, including that as to good character, the jury entertain no reasonable doubt of guilt. they should convict, notwithstanding the evidence of former good character.

6. **LARCENY—Sufficiency of Evidence.** The evidence carefully considered in this case, and **held** insufficient to support the verdict found and the judgment rendered.

7. **NEW TRIAL—Insufficiency of Evidence—Motion for New Trial.** When the evidence is insufficient to support the verdict rendered,

it is the duty of the trial court to sustain a motion for new trial.

8.    **APPEAL AND ERROR—Denial of New Trial—Evidence—Reversal.** Where the trial court overrules a motion for a new trial when the evidence is insufficient to support the verdict, this court will reverse the action of the trial court and grant a new trial of the case.

*Appeal from District Court, Craig County;*
*Preston S. Davis, Judge.*

Watt Adair was convicted of larceny of live stock, and he appeals. Reversed and remanded.

*Theo D. B. Frear,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.    The plaintiff in error, Watt Adair, hereinafter designated as defendant, was informed against for the offense of larceny of domestic animals, convicted, and sentenced to imprisonment in the penitentiary for a term of five years, and to pay all the costs of this prosecution, and that he stand committed to said prison until such costs are so paid. To reverse the judgment rendered he prosecutes this appeal.

The defendant moved for a continuance on the ground of the absence of Red Getty, for whom a subpœna had issued but had not been returned, and his attorney filed an affidavit as the basis of such continuance, and averred that said witness, if present, would testify "that he saw the party from whom the defendant claims to have bought the steers on the highway east of the residence of the defendant." The court overruled the motion for a continuance, and the defendant excepted.

The defendant moved the court to set aside the information upon the ground "that the defendant had not

had a preliminary examination as required by the Code of Criminal Procedure of this state; that the court had no jurisdiction of the person of the defendant." The court overruled the motion, and the defendant excepted.

The charging part of the amended information, upon which the defendant was tried, is as follows:

"That said Watt Adair, in the county and state afore-said, on the —— day of January, 1915, did knowingly, willfully, and unlawfully and feloniously, by stealth and without the consent of the owners, steal, take, and carry away two certain steers, then and there of the aggregate value of $75, which said steers were then and there the property of W. F. Friend and Claud Nugent, with the un-lawful and felonious intent on the part of said Watt Adair to then and there deprive the said W. F. Friend and Claud Nugent thereof, and convert the same to his, the said Watt Adair's own use, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The defendant demurred to the information upon the following grounds: That it does not conform to the requirements of the law of criminal procedure. in that it does not charge the offense in the language of the statute; that more than one offense is charged in the information; that the facts charged do not constitute a crime; that the court has no jurisdiction of the person of the defendant. The court overruled the demurrer, and the defendant excepted.

The material, uncontradicted evidence is that W. F. Friend and Claud Nugent were partners and dealers in live stock, and had a herd of cattle in a pasture, in which were included the two steers alleged to have been stolen; that said pasture was near the home and pasture of the

defendant; that all of said cattle were removed by the said owners except the said two alleged stolen steers, that one of said two steers was blind in one eye, and the other steer was lame, and were left in the pasture near the defendant's home, and were not removed from the said pasture by consent of their owners; that the said steers were missed, and that the said steers were in the possession of defendant from November to January, and during said time that said steers were openly kept in the lot and in the pasture of the defendant, which lot and pasture were each near a road frequently traveled by an owner of said steers; that in January, the said two steers, together with two other cattle, were openly sold by defendant; that the purchase price paid for said cattle so sold by the defendant was paid for in a check; that the payment of said check was held up on the theory that the said two steers were not the property of defendant; that the said defendant sent for and met one of the owners of the two steers, and said to him that he supposed that he (defendant) had gotten hold of and sold two of said firm's steers; that he had done so ignorantly; that he bought them from a stranger, paying $20 for them, and offered to pay for the said two steers; that the said steers were of the value of $75; that the defendant offered the check he had received from the sale of said four head of cattle to the owner of the said two steers, which check the said owner refused, and stated to defendant that he must bring him $75 in cash, and that afterwards, through the party to whom the defendant had sold the said steers, the defendant paid the said owner $75 for the said two steers, and that for 20 years previous to this trial the defendant had resided near where tried, and that the defendant's character was that of an honest man, which was not contradicted by the state; and that the said two steers

were left by their owners in a pasture around which the fence was not in good repair.

The defendant testified, which was not denied by the state, that he, defendant, bought the said two steers about dusk, near the home of the defendant, from a stranger just before Thanksgiving Day, paying the said stranger $20 for said steers, and turned them into his, defendant's lot; that he did not ask or know the name of the said stranger, who was accompanied by another man on horseback, and that they had five or six cows which they were driving in addition to the said two steers; that after said purchase, said steers were in the lot or ran together with defendant's cattle in his pasture, which ran about one-half mile along a public traveled road, which one of the owners of said steers traveled two or three times a week, and could, had he looked, have seen the said steers in defendant's pasture.

There was also evidence that one of said owners of said steers had, while passing, looked into the pasture of the defendant, but had never seen said steers in said pasture, and that after the said two steers were missed one of the owners of said steers was at the home of the defendant.

In addition there was evidence on the part of the state by an employee of the defendant, and who fed defendant's cattle, as to when the said cattle came into defendant's lot, that they came in through the gate, and that he saw their tracks in the snow, together with the tracks of a horse, which was shortly before Thanksgiving.

The evidence was in conflict as to whether or not there was any snow on the ground near or on Thanksgiving Day, and as to whether or not one of the owners of said steers,

when at the home of the defendant, had inquired about said missing steers.

The court gave the following instruction, to which the defendant excepted:

"(7)	You are instructed that in a prosecution for the larceny of live stock, under the information in this case, the possession by defendant of the property stolen at the time of the alleged larceny may be considered by the jury, if you find from the evidence in the case that the defendant on trial was in possession of said property. But you are further instructed that while the possession of stolen property does not create a presumption of guilt, it is a circumstance which, if not satisfactorily explained, raises a very strong inference of guilt. The inference together with the facts and circumstances attending the taking and connected with the possession are questions for the jury, and may be sufficient to induce an irresistible conclusion of guilt. Circumstances of each particular case must be of necessity different; and, while possession of stolen property in one case may not warrant a verdict, there are other cases where such possession is so related to other circumstances of an incriminating character as to satisfy an unprejudiced mind that the possessor is the thief. Proof of possession alone is not sufficient to sustain a conviction, but where the larceny or theft is beyond question, the stolen property found in the possession of the defendant, and he exercising acts of ownership and control over it, and the explanation given by him is not a reasonable or satisfactory one, and the conduct and character of the defendant is such as to arouse suspicion, such facts and circumstances often produce the most satisfactory evidence of guilt, and will sustain a conviction, and you are instructed that if you believe from the evidence that the property mentioned in the information was stolen from the owners as alleged, and that shortly thereafter the same was found in the possession of the defendant, and that

the explanation given by him is not a reasonable or satisfactory one, and that the conduct and character of the defendant are such as to arouse suspicion that then and in that case, from such facts and circumstances, in connection with the other evidence tending to show guilt of the defendant charged in the information, the jury would be warranted in entertaining a strong inference of the guilt of the defendant of the crime charged in the information in this case."

The court also gave instruction No. 9, which was not excepted to, but it is urged by the defendant that the same should be reviewed because of fundamental error.

"(9) You are instructed that if you believe from the evidence that the steers in question were sold and delivered to the defendant by a person unknown as to his identity, or if you entertain a reasonable doubt as to such proposition, and that the defendant, Watt Adair, did not steal them, but bought them in good faith and paid the price asked therefor by such starnger, then and in that case you cannot find the defendant guilty of larceny of domestic animals as charged and set forth in the information herein, and your verdict should be one of not guilty."

The defendant requested numerous instructions, each of which was refused, and to such action of the court defendant in each case excepted, which said refused instructions we deem unnecssary to recite or review.

Within the time provided, the defendant filed a motion for a new trial upon the grounds, among other grounds, as follows:

"That the court erred in overruling motion to set aside the information.

"The giving of instructions Nos. 3, 7, and 9.

"Tha the verdict of the jury is contrary to the law and the evidence"

—which motion was overruled, and exceptions saved.

We have carefully reviewed the entire record in regard to the proceedings in the justice court, including the holding of the defendant to answer the offense for which he was tried, and we are of the opinion that the district court had jurisdiction, and the contention of the defendant that he did not have a preliminary examination for the said offense is without merit.

The defendant most earnestly insists that the information is not only duplicitous, but is also fatally defective because the property therein alleged to have been stolen is not sufficiently described. With this contention we cannot agree. The said information is certainly not duplicitous, does not charge two different offenses, and does not tend to mislead the defendant as to the offense charged. That "two certain steers" is a sufficient description of the property in an information for the larceny of live stock alleged to have been stolen is not an open question in this court, having been decided adversely to the insistence of the defendant.

In *Garnett Roebuck v. State,* 14 Okla. Cr. 241, 170 Pac. 277, which was a conviction for the larceny of live stock, the information describes the property alleged to have been stolen in the identical words of description as in the information in the instant case, "two certain cows," and in the opinion in said case Presiding Judge Doyle says:

"The information in this case is unquestionably sufficient, and would be good on a demurrer thereto."

We are of the opinion that the court did not err in overruling the motion to set aside or in overruling the demurrer to the information in this case.

The seventh paragraph of the instructions given by the trial court we think too involved, invaded the province of the jury, and placed the burden of proving an affirmative defense upon the defendant, and the giving of said instruction was reversible error.

"The burden does not rest upon the defendant to establish even to a reasonable probability the truth of an affirmative defense. If, upon the evidence both of the state and the defendant, a reasonable doubt is created as to the guilt of the defendant, he is entitled to  *  *  * it." (McClatchey v. State, 12 Okla. Cr. 173, 152 Pac. 1136.)

In Courtney v. State, 12 Okla. Cr. 169, 152 Pac. 1134, it is held:

1. "Instructions which place upon the accused the burden of proving any issue in a criminal case by a preponderence of the testimony are fundamentally erroneous."

2. "Instructions should be clear-cut and concisely state the rule of law applicable to the issue under the proof."

In Carter v. State, 12 Okla. Cr. 164, 152 Pac. 1132, it is held:

"Instructions submitted by a trial court to the jury should be clear and absolutely free from any suggestion as to the verdict the court expects. Any instruction which has the effect of intimating to the jury that the court expects a verdict of guilty, or expects the jury to go into the realm of possibilities for the purpose of finding a verdict of guilty, is fundamentally wrong."

The ninth paragraph of the instructions given by the court was not excepted to at the time it was given but is assigned as a ground for a new trial, and we will therefore consider it. We are of the opinion that said paragraph 9 does not correctly state the law, as it places the

burden upon the defendant of proving an affirmative defense. That the defendant never has the laboring oar as to an affirmative defense is so well established by this court, and by many other courts of last resort, as not to require citation of authority in support thereof. Again said instruction entirely eliminates the presumption of innocence with which the law clothes the defendant throughout the trial. Said ninth instruction was fundamental error.

We have most carefully considered all the material evidence in the case, which is hereinbefore set out, and are of the opinion that the explanation of the defendant that he bought said steers from a stranger, which purchase is not denied by the state, that his possession of them for about two months was open and without concealment, the said steers during said time being either in the lot or pasture of the defendant, which pasture was along a public road often traveled by one of the owners of said steers during said time, that the sale of said steers was open, and that defendant sent for one of the owners of said steers prior to his prosecution, and told such owner that he, defendant, had innocently gotten hold of said steers, explaining how he did so, and offered and did pay for same, and the evidence of the acts of the defendant as to said cattle being supplemented by evidence, which is not controverted by the state, that the defendant for more than 20 years resided in the immediate section in which the trial was had, and had during said 20 years maintained a good character for honesty, we think that the evidence is insufficient to establish the guilt of the defendant beyond a reasonable doubt, and that the court committed reversible error in overruling the motion for a new trial.

The state offers a high premium for good character, providing that proof of such character may generate a reasonable doubt of guilt and thus work out an acquittal, where without such good character a proper conviction would result.

In *Wells v. Territory,* 14 Okla. 436, 78 Pac. 124, it is held:

"In criminal cases proof of good character is competent to show that the defendant would not be likely to commit the crime charged against him, and proof of good character may, in many cases, be sufficient to create a reasonable doubt of guilt, although no such doubt could have existed except for the good character, but evidence of good character can only be considered in connection with all the other evidence, facts, and circumstances appearing in the trial; and, if after considering all the evidence, including that as to good character, the jury entertain no reasonable doubt of guilt, they should convict, notwithstanding the evidence of former good character."

"Where the defendant's explanation that he bought the cattle is undisputed and is supplemented by the testimony of as many witnesses as the court would permit to testify as to his good character and honesty, the law will presume in the behalf of innocence. It supposes legality rather than crime." *(Graham v. State,* 12 Okla. Cr. 84, 152 Pac. 136.)

The responsibility of determining whether or not the legal evidence presented to the jury is sufficient to let the verdict stand rests primarily with the trial court, and upon appeal on this court.

It is well settled that this court will not disturb a verdict on account of the evidence, when there is evidence to support it. The converse rule is equally well settled that it is not only the province, but the duty, of this court

tc set the verdict aside when not sufficiently supported by the evidence.

The judgment of the lower court is reversed, and the cause remanded.

DOYLE, P. J., concurs. MATSON, J., concurs in the result.