FREAS v. STATE ex rel. FREELING, Atty. Gen.

No. 13758—Opinion Filed Feb. 17, 1925.

Rehearing Denied April 7, 1925.

1. Appeal and Error—Trial—Instructions—Must Be Considered With Their Context—Sufficiency.

Where complaint is made of a paragraph of the court's instructions, this court will consider such paragraph in connection with its context, and where the offending paragraph contains a substantially correct statement of the law, and, when considered in connection with other paragraphs, could not reasonably mislead or confuse the jury, such instruction will be sustained. Neither will error be predicated on the refusal of a correct requested instruction where the question presented is substantially covered by instructions given.

2. Appeal and Error—Fact Cases—Conflicting Evidence—Verdict Reasonably Supported.

Upon an assignment of error which questions the sufficiency of the evidence to sustain the verdict a judgment based thereon will not be disturbed where there is evidence in the record reasonably tending to support the verdict. This court will not weigh conflicting evidence to determine on which side lies the preponderance.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by the State of Oklahoma on the relation of S. P. Freeling, Attorney General, against H. M. Freas, for removal from office of sheriff of Osage County. Verdict and judgment for plaintiff, and defendant brings error. Affirmed.

This action was commenced in the district court of Osage county on December 17, 1921, by the filing in said court of a petition setting forth six causes of action for the removal of the defendant from office of sheriff of said county. Upon the trial thereafter had verdict was rendered in favor of plaintiff upon the second and third causes of action, all other causes of action having been withdrawn from the consideration of the jury by the instruction of the court except the fourth cause of action, and as to this there was a verdict in favor of the defendant.

The second cause of action charged willful neglect of duty on the part of the defendant in suffering and permitting gaming houses and games of chance to be operated and conducted in said county in open violation of the law, and contrary to the lawful discharge of the duties enjoined upon the defendant as sheriff by the laws of the state of Oklahoma.

The third cause of action charged the defendant as such sheriff with willfully failing to perform his duties in the enforcement of the prohibitory law within said county, and with suffering and permitting the operation and conducting of places within the county where intoxicating liquors were sold, bartered, and given away openly and notoriously.

Defendant's answer to the second and third causes of action consisted of general denials. Upon the issues thus formed the case was tried to a jury and resulted in a verdict finding the defendant guilty as charged in the second and third counts. and upon this verdict judgment was entered removing the defendant from office. After unsuccessful motion for new trial defendant has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

L. P. Mosier, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for defendant in error.

Opinion by LOGSDON, C. For reversal of this case defendant presents and argues ten assignments of error. Assignments 1 to 6, inclusive, complain of the action of the

court in the giving and refusal of instructions. The first instruction complained of is paragraph 18 of the court's general charge to the jury. This paragraph of the instructions reads as follows:

"With reference to what is meant by willful failure or neglect of duty, as that term is used in the law of this state governing the removal of officers. and with reference to that term, or its equivalent, as it may be variously used throughout these instructions you are advised that a willful failure or neglect of duty means that the act or failure to act was for a .bad or evil purpose, or when the officer consciously acts contrary to a known duty or consciously fails to act pursuant to a known duty; he must be guilty of some conscious wrong or inexcusable carelessness or recklessness in the discharge of, or a failure to discharge an official duty. Mere thoughtless acts with no bad or evil purpose, in which there is no 'inexcusable carelessness or recklessness on the part of the officer, will not constitute such a willful failure or neglect of duty as is contemplated by the law of the state relating to the removal of officers, or by these instructions."

The criticism of this instruction is that it permitted the jury to find in favor of the plaintiff if it should be satisfied by a preponderance of the evidence that gambling was being carried on or intoxicating liquor was being sold openly and notoriously in the localities and at the places mentioned in plaintiff's petition without further finding by a preponderance of the evidence that defendant knew of such violations of the law. A mere reading of the above instruction clearly demonstrates that it is not subject to the criticism directed against it because the jury is expressly told in that instruction that defendant must have been guilty of some conscious wrong and that mere thought-less acts with no bad or evil purpose will not constitute a willful failure or neglect of duty. By paragraph 10 the court instructed the jury that the burden rested upon the plaintiff to establish the guilt of the defendant by a clear preponderance of the evidence, and considering this paragraph in connection with paragraph 18 it is inconceivable that the jury could have failed to understand that a conscious wrong on the part of the defendant in the performance or nonperformance of his official duty was one of the things which the plaintiff must establish by a clear preponderance of the evidence.

Defendant's requested instruction No. 1 was intended to define the term "willfully" as applied to the acts and omissions charged against the defendant. This requested instruction is not deemed to correctly state

the law in defining the term "willfully," but if it be conceded that it does correctly state the law, then it was fully and sufficiently covered by paragraph 18 of the court's instructions so that its refusal by the court was not error of which defendant may rightfully complain.

Defendant next complains of the refusal of the trial court to give his requested instruction No. 3, which reads as follows:

"You are instructed that in reaching a verdict in this case you are permitted to take into consideration all of the facts and circumstances surrounding him as sheriff; the number of deputies he is allowed. the size of the county he is sheriff of; the amount of civil and criminal business he has to attend to, the proximity of the place or places, where the law is alleged to have been violated, to the county seat at Pawhuska where he is required to keep his office, the sudden influx of people into the place or places where the law is alleged to have been violated and any other matters tending to throw light on the ability of the sheriff to administer the law at such place or places."

While this requested instruction covers certain phases of the testimony offered in behalf of the defendant in palliation or extenuation of his alleged failure to enforce the gambling and prohibitory laws, it is not considered that defendant was entitled as a matter of law to have the jury instructed that the facts and circumstances referred to in said requested instruction were legal excuses or such legal defenses to the charges made in plaintiff's petition as could be considered by the jury in reaching a verdict. This proof was in the case for what it was worth and was doubtless argued by counsel and considered by the jury, and this was as much as the defendant was legally entitled to.

Assignments of error 4, 5, and 6 complain of the alleged error of the trial court in giving to the jury instructions numbered 11, 12, and 15. In reference to instructions 11 and 12, defendant states in his brief that these instructions would have been unobjectionable were it not for instruction No. 18. Having already determined that instruction No. 18 was not erroneous, and that when considered in connection with instruction No. 10 it clearly stated the law to the jury. it follows that defendant's complaint of instructions 11 and 12 is untenable.

Instruction No. 15, of which complaint is made, merely states that it is the duty of the sheriff of the county to enforce the criminal laws of the state against violations of the prohibitory liquor law and against vi-

olations of the gambling laws, and is in conformity with section 1946 and section 7036, Comp. Stats. 1921. The complaint of this instruction is that the sheriff is only one of several officers named in the above sections of the statutes who are charged with the duty of enforcing these laws, and that it was prejudicial for the court to instruct the jury that this duty rested upon the sheriff without also stating to the jury the correlative duties resting upon other officers named in the statute. This criticism is not considered to possess merit. The fact that like duties in the enforcement of these laws rest upon other officers than the sheriff in no way reduces the responsibility of the sheriff under the law for the faithful discharge of the duties incumbent upon him. No degree of remissness in other officers could excuse the sheriff for remissness in the discharge of his duties, and it was the conduct of the sheriff alone which was under investigation in this case.

Assignment No. 7 complains of the insufficiency of the evidence to support the verdict, and number 10 complains of alleged error of the court in overruling the demurrer of the defendant to the evidence of the plaintiff. There is ample evidence in the record, if believed by the jury, to sustain the verdict of guilty under the second and third causes of action. It is true that there is conflicting testimony and if the jury had returned a verdict of not guilty as to each of these causes of action such verdict would not have been without support in the evidence. It is too well settled by decisions of this court to need a citation of authorities that where the evidence is in conflict and there is any evidence in the record which reasonably tends to support the verdict a judgment based thereon will not be disturbed in this court. Since there is evidence in the record reasonably tending to support the verdict the action of the trial court in overruling defendant's demurrer to plaintiff's evidence was correct

Assignment of error No. 8 complains of certain statements made by one of the attorneys for the plaintiff in the opening statement to the jury, and assignment of error No. 9 complains of alleged error of the trial court in permitting plaintiff to amend its petition to conform to the proof at the trial. Neither of these assignments present error prejudicial to the substantial rights of the defendant.

Upon a consideration of the entire case it is concluded that no error of law prejudicial to the substantial rights of the defendant has been called to the attention of this court, and there being evidence in the record reasonably tending to support the verdict of the jury, the judgment of the trial court based thereon should be in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. pp. 1711, 1778, 1779; (2) 4 C. J. pp. 849, 857.