### BILL BRISTER v. STATE.

No. A-5632. Opinion Filed Sept. 11, 1926.
Rehearing Denied Nov. 20, 1926.
(250 Pac. 442.)

Andrews & Aston, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pittsburg county on a charge of malicious mischief, sentenced to pay a fine of $50, and to serve 30 days in the county jail.

It appears from the record that the defendant and the prosecuting witness Clarence Travis were neighbors, farming land divided by a partition fence; the live stock of Travis on a number of occasions broke through this division fence and trespassed on the land in the possession of defendant. On account of this, a state of ill feeling had arisen between them so they did not speak to each other when they met. On the day of the offense charged, Travis' stock were trespassing on the land of defendant, who sent him word to remove them within an hour. This was not done, and defendant shot and killed 2 young mules and a mare, the property of Travis. The sufficiency of the evidence is questioned, and, while it is sharply conflicting, it was a question of fact for the jury, and there is abundant evidence to sustain their verdict. The statute under which the prosecution was had, section 2232, Comp. St. 1921, provides that any person who maliciously destroys any personal property, not his own, other than in certain enumerated sections of the statute, is guilty of a misdemeanor, and the punishment is provided, under section 2263, at imprisonment in the county jail not exceeding one year or by

a fine not exceeding $500, or by both imprisonment and fine.

Complaint is made of the court's instruction number 5, in which the jury are told that malice is a necessary ingredient of the offense; that before they can find the defendant guilty they must find beyond a reasonable doubt that the defendant killed the stock, and that he did so willfully and deliberately and by reason of malice which he held against Clarence Travis. So far this instruction states the law. Colbert v. State, 7 Okla. Cr. 401, 124 P. 78. The court, however, added to the foregoing that, if the jury find that defendant killed said stock as alleged but had no malice toward the owner, then they could not under the law find him guilty of the offense charged. It is insisted that the latter clause shifts the burden to defendant to show that the killing of the stock, if they should so find, was without malice, citing Washmood v. U. S., 10 Okla. Cr. 254, 136 P. 184, and Adair v. State, 15 Okla. Cr. 619, 180 P. 253, and other authorities. The latter clause of the instruction is surplusage and has no application to the evidence. The trial court evidently tacked it on to his instruction for the purpose of cautioning the jury that it was essential to prove malice. There is no contention that the killing of livestock was without malice. The state of feeling between the prosecuting witness and defendant clearly proved malice. We do not approve this part of the instruction, but it does not afford a sufficient reason for a reversal.

The trial court in submitting to the jury the punishment in case of a verdict of guilty, said:

" * * * It will be your duty to fix the punishment which must be a fine not exceeding $500 and imprisonment in the county jail for a period not exceeding 6

months, either or both, at your discretion, there being no minimum."

The court was in error in stating that the punishment must be a fine and imprisonment, while in the latter part of his instructions he stated that it might be either or both. This renders the two parts of the instruction conflicting and may have confused the jury. The judgment will be modified, by omitting entirely the imprisonment, and, as thus modified, the error was harmless.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.