## STATE v. MYERS et al.

No. 19018. Opinion Filed July 10, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

**Counties—Ouster Proceedings—Joint Accusation Against All Members of Board of County Commissioners Proper.**

Each member of the board of county commissioners has duties that are in common with the other members thereof, and it is permissible to file a joint accusation against the entire membership in an ouster proceeding, where it is alleged that each and every member thereof participated in the willful wrong-doing: it is the alleged wrong-doing that is the gist of the action, not the office.

Error from District Court, Kingfisher County; Hal Johnson, Assigned Judge.

Action by the State against J. C. Myers and others. Judgment for defendants, and the State brings error. Reversed.

Edwin Dabney, Atty. Gen., J. H. Lawson, Asst. Atty. Gen., and R. F. Shutler, for plaintiff in error.

H. C. Brownlee and E. M. Bradley, for defendants in error.

LESTER, J. The grand jury of Kingfisher county, Okla., filed certain accusations against the three county commissioners of that county. The accusations were divided into seven different counts and each of said counts, save and except count No. 7, charged joint and common wrong-doing upon the part of the entire membership constituting said board. Each of the three defendants constituting said board filed certain objections against said accusations, contending in said objections that there was a misjoinder of parties defendant. The court sustained the contentions of the defendants in this respect and dismissed said accusations and rendered judgment in favor of the defendants. From this judgment the state has appealed to this court.

Upon examination of the authorities we see no valid or logical reason why county commissioners may not be jointly accused in acting together and committing malfeasance in office. The duties of each commissioner are common to the entire board. The jurisdiction and territorial extent of their authority are similar in every respect; therefore, if there is active participation by each member of the board with the other two members in committing a willful malfeasance in office, why may not a joint accusation lie? It is the wrong-doing that constitutes the action, not the office.

In the case of Eberstadt et al. v. State ex rel. Armistead, 45 S. W. 1007, the Court of Civil Appeals for the 5th Supreme Judicial District of Texas, certified to the Supreme Court of that state the question as to whether several county commissioners might be proceeded against jointly in a removal action, when such accusation charged joint misconduct of said commissioners. The Supreme Court answered the question in the affirmative by use of the following language:

"We answer the first question in the affirmative. The statement shows that all of the acts charged against the defendants were such as could have been and were performed by each and all of the defendants,

and in fact none of the acts could have been accomplished without the concurrence of the three defendants who constituted a majority of the court. High. Extr. Rem., section 704; People v. Demill, 15 Mich. 183; Rex v. Foster, 1 Burrows, 573; Rex v. Warlow, 2 Maule & S. 75. The same evidence and every part of the proceeding would apply to each and all of the defendants alike. They held offices of the same grade, and, together with the county judge and another commissioner, constituted the court in which the acts were performed for which they were arraigned. The authorities upon this question are quite meager and unsatisfactory, but we think that the conclusion stated is in accordance with our system of practice, and supported by sound reason. We see no reason why the three defendants thus charged with a number of offenses necessarily performed by all should not be joined in a trial in which the evidence would apply to each and all alike."

The defendants in the instant case cited several authorities, but on examination we find that they are not in point. Among the cases cited is the case of Preshaw v. Dee et al. (Utah) 23 Pac. 763, and the court there said:

"The first question for our determination is as to whether there is a misjoinder of parties defendant. It will be seen from the foregoing statement that each of the defendants is claiming under separate and distinct appointments and commissions, and are acting as officers and exercising jurisdiction over separate and distinct portions of the territory over which the plaintiff claims his right. They are not claiming a joint jurisdiction or the same jurisdiction. It is a well-established principle of law, as well as in equity, that courts will not take cognizance of distinct and separate claims or liabilities of different persons in one suit, though standing in the same relative situation, I Chit. Pl. (14th Amer. Ed.) 44; Bliss, Code Pl., section 83; Pom. Rem., section 308. There must be some community in the wrong-doing among the parties who are united as codefendants. The injury complained of must be, in some sense, their joint work."

We think, except as to count 7, the accusations filed by the grand jury correctly charged joint misconduct against the three defendants named, and that they may be tried thereunder. However, if the state desires to further proceed against the defendants jointly, count 7 must be stricken.

Judgment is reversed, with directions to proceed in said cause not inconsistent with the views herein expressed.

MASON, V. C. J., and HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 15 C. J. p. 453. §99.