## MYERS et al. v. STATE.

No. 20107.   Opinion Filed June 4, 1929.

Rehearing Denied July 9, 1929.

Brownlee & Blaine, for plaintiffs in error.

V. D. Firestone, Co. Atty., Edwin Dabney, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for the State.

ANDREWS, J. The plaintiffs in error were prosecuted jointly in the district court of Kingfisher county on an accusation of a grand jury, and after a verdict of guilty were removed from office by order and judgment of the district court.

There are many matters presented to this court on appeal which we deem unnecessary to consider for the reason that this cause must be reversed on at least one ground, and that is that the trial was not conducted according to law.

Under the provisions of section 2394, C. O. S. 1921, any officer elected to any county office may be removed from office for certain causes therein stated in the manner provided in that article. A part of the procedure is an accusation by a grand jury, of which the person accused must be given notice and to which he may object or answer. Under the provisions of section 2403, C. O. S. 1921, if he denies the matters charged, the court must proceed to try the accusation, and under the provisions of section 2404, C. O. S. 1921, the trial must be by a jury and conducted in all respects in the same manner as the trial of an indictment for a misdemeanor. Under section 2405, C. O. S. 1921, upon a conviction, the court must pronounce judgment that the defendant be removed from office.

In Maben v. Rosser, 24 Okla. 588, 103 Pac. 674, it was held that such proceeding

is not a criminal proceeding, but is a special proceeding.

It was therein said:

"By the phrase, 'conducted in all respects in the same manner as the trial of an indictment for a misdemeanor,' it was intended to provide that in the introduction of evidence, as to the degree of proof required and in the giving of instructions to the jury, the rules of law applicable in a trial upon an indictment for a misdemeanor should apply."

The rules of law applicable in a trial upon an indictment for a misdemeanor provide (section 2692, C. O. C. 1921) that in case of a reasonable doubt as to whether the guilt of the accused is satisfactorily shown, he is entitled to be acquitted.

Instruction No. 4 was as follows:

"The burden of proof in this case is on the state of Oklahoma to prove the truth of the matters and things set forth in the accusation. and that the defendants are guilty of the charges therein contained, and this the state must do by a preponderance of the evidence. By a preponderance of the evidence is not meant the greater number of witnesses who testified in the case, but the greater weight of creditable, competent evidence introduced in the case, and if the state has failed to prove to your satisfaction by a preponderance of the evidence the truth of the allegations of the accusation, you must find the defendants not guilty."

This fixes the "degree of proof required" as a preponderance of the evidence. Under section 2692, Id., the degree of proof required is beyond a reasonable doubt.

This and other instructions given were erroneous in another particular. Three commissioners were accused. This court held, in State v. J. C. Myers, 132 Okla. 212, 270 Pac. 37, that the accusation on which these two commissioners were convicted "charged joint misconduct against the three defendants named and that they may be tried thereunder." Thereafter the accusation was dismissed as to Commissioner Spencer, and Commissioners Myers and Wehrenberg were tried jointly. They were, however, tried, not only for their "joint misconduct," but they were tried for their several acts of misconduct, and the court at no time instructed the jury that neither could be convicted for misconduct of the other. The instruction just quoted, as well as others, is general and applies to both defendants tried and in no wise differentiates between joint acts and several acts. It cannot be said that Commissioner Myers is guilty because of wrongful acts of Commissioner Wehrenberg in which Commissioner Myers did not participate, and Commissioner Wehrenberg cannot be convicted because of acts of Commissioner Myers in which he did not participate. And neither could be convicted because of acts of Commissioner Spencer in which neither of them participated.

The accusation, as held by this court in State v. Myers, supra, charged joint acts. Had it charged several acts, this court would doubtless have sustained the action of the trial court in dismissing the accusation as it did in dismissing count 7, which charged a several act. Count 1 charges that " * * * said board of county commissioners knowingly, willfully, wrongfully, entered into a contract. * * *" It does not charge that either Myers or Wehrenberg did so. County 2 charges that "* * * said commissioners of Kingfisher county, Okla., knowingly, willfully, and intentionally allowed and paid out of funds. * * *" It does not charge that either Myers or Wehrenberg did so. Under neither of these counts were either of the defendants charged with several acts of omission of commission. Nor was it charged that they acted jointly or for a common purpose. Notwithstanding, and over the objections of each of the defendants, the court permitted testimony as to the several acts, not only of the two commissioners on trial, but of the several acts of the commissioner against which the charges had been dismissed, and then, having done so. failed to instruct the jury that neither of the defendants was responsible for the several acts of the other and of which he had no knowledge prior to the time he acted.

We think that, under the accusation, these defendants could be convicted only of joint misconduct, but if either of them could be convicted of his several acts of misconduct, he certainly could not be convicted of the several acts of misconduct of the other, and where they were tried jointly and evidence of their several acts was admitted, there should have been an instruction limiting the effect of the evidence as to the several acts of the defendants to the defendant who performed or failed to perform the same.

As an instance of the form of instructions given, we quote the following:

"It is further shown that said commissioners allowed and paid claims to the said Pioneer Construction Company, for labor and material and other expenses, under the terms and provisions of said contract. This action on the part of the defendants was contrary to the provisions of law, and if willfully done, as the word 'willful' has been hereto-

fore defined to you, would make them guilty as charged in count No. 1."

Commissioners Spencer and Myers might have willfully done the things charged and Commissioner Wehrenberg might have been innocent of any wrongful intention, and yet under this instruction Commissioner Wehrenberg might have been convicted by a jury under the mistaken idea that he was liable for the acts of the other members of the commission. So also might Myers have been erroneously convicted. This instruction is erroneous in that it does not inform the jury of the distinction between joint and several acts of members of the board of county commissioners.

We quote again:

"The state must have proved to your satisfaction, by a preponderance of the evidence, that they acted willfully, that is, that they did so purposely and intentionally and knowingly."

This instruction contains the same vice. It, in effect, charges both defendants with the willful acts of any two members of the board of county commissioners. Either of the defendants tried might have been without any willful intention, either might have performed the acts in the utmost good faith, but under this instruction the jury would be justified in finding all of them guilty. The defendants were entitled to have an instruction as to the law applicable to each defendant.

We do not consider it necessary to quote further from the instructions in support of this decision on this point. It is sufficient to state that there was no instruction given that correctly informed the jury as to the liability of the individual defendants.

However, we desire to refer to some of the testimony, which, under the erroneous instructions, deprived these defendants of a fair trial.

Count No. 2 accuses "the said commissioners of Kingfisher county, Okla.," of knowingly, willfully and intentionally allowing and paying out funds of the county on numerous and divers claims. The evidence in support thereof consisted of the claims with indorsements thereon. There was no testimony that either Myers or Wehrenberg voted for the allowance of any of these claims. Other than that Wehrenberg was a member of the board of county commissioners, this record is silent as to his having had a thing to do with the allowance of these claims. He might have objected to and voted against the allowance of each of them as far as this record shows. Yet the claims were received in evidence over his objection and the jury was never instructed that he would be liable only in the event that he voted therefor or consented thereto. Under this record, he was convicted on count 2 because the board of county commissioners allowed the claims.

All we have said as to Wehrenberg in this particular is true as to Myers. The claims were indorsed: "Audited and allowed, J. C. Myers, Chairman Board of County Commissioners," but that does not even tend to show that Myers approved or voted to allow the same. That is merely a statement of the action of the board of county commissioners, and would have been made had Myers voted against each of the claims, if the other two members of the board had voted in favor of the allowance thereof. Myers made the indorsement because under the practice of that board the chairman so indorsed all allowed claims.

In the absence of a showing that Myers approved or voted for these claims, he was entitled to be acquitted on count 2 even though the board of county commissioners as a board had approved the same. He is not responsible at law for the actions of his fellow commissioners. So, also, as to Wehrenberg.

This clearly shows the error in failing to instruct as to the personal liability of each defendant.

There was testimony that one of the contracts described in count 1 had been taken from the office of the county clerk by Commissioner Spencer. The defendants repeatedly objected to this testimony, and it was admitted over their objections. There is no testimony that either Myers or Wehrenberg knew anything about this transaction. This had the effect of tending to prove that the commissioners had some ulterior motive in seeking to conceal the contract. It was prejudicial error to admit testimony of the acts of Spencer without a showing that those acts were performed with the knowledge and consent of the defendants, and especially so when there was a failure to instruct the jury that defendants were not responsible for the acts of Spencer performed without their knowledge and consent.

The principal witness for the state was a former county engineer who had been discharged by the board of county commissioners. He testified that his plans and specifications for the bridges in question had been filed with the county clerk. He was then asked by the prosecution if he knew what became of them. He said:

"No, sir; I do not. They disappeared out of the office about the same time, or around the same time, anyhow, that a certain contract disappeared out of the office."

In view of the fact that the evidence showed that the contract had been delivered by the county clerk to Commissioner Spencer without the knowledge of defendants, we can see the viciousness of this statement. The jury could have inferred nothing other than that these defendants were trying to destroy public records. Spencer was not on trial, and it was not offered against him. It could have been offered only against the defendants, and as to them it was prejudicial and of the highest degree. This witness was permitted to testify as to conversations with Spencer in the absence of the defendants, with Myers in the absence of Wehrenberg, and with Wehrenberg in the absence of Myers, and the entire theory of the trial was that anything said by any one of the county commissioners was admissible against both defendants in the action. We doubt that, but if such conversations were admissible, then the jury should have been properly instructed as to the effect of these conversations.

As an incident and to show the manner of introduction and nature of testimony offered, we quote the following testimony of the county attorney:

"A. Well. in regard to these Felder claims, after the conversation that I have related, I had another conversation. Q. With one of the members of the commission?· A. With Mr. Wehrenberg and Mr. Spencer in regard to the Felder claims again. I had learned that this claim, that I have testified about in the first conversation, had been afterwards taken by Mr. Myers to the county clerk's office and sworn to by him and allowed. At one time after that, we again talked the matter over. Mr. B'aine: That is objected to for the reason it is incompetent, irrelevant, and immaterial. The Court: That is the matter you discussed with Mr. Wehrenberg and Spencer? Witness: With Wehrenberg and Spencer, yes, sir. The Court: Overruled. To which defendants except. Witness: They were in my office and I prevailed on them to make a different ruling. There was another matter that came up in connection with that, at that time. and that was that a committee from the north district had been here protesting and had sent a long petition—Mr. Blaine: To which the defendants Myers and Wehrenberg and each of them object. for the reason that it is wholly incompetent, irrelevant, and immaterial to the issues. The Court: Objections sustained. Mr. Lewis: To which ruling the state of Oklahoma excepts. Witness: Mr. Wehrenberg made this remark in reference—Mr. Blaine (interrupting): That is objected to as not responsive. The Court: Overruled. To which defendants except. Witness: Mr. Wehrenberg made this remark in reference to sending the engineer back in the north district. I said to Mr. Wehrenberg: 'I see no reason why you can't do this.' I explained to them that they had the authority to make the order, and that they were responsible for what took place in each district, if they knew it, and that they were commissioners for the entire county, and that they could make the order directing the engineer to proceed in the north district, the same as in the other districts, and have a uniform system. Mr. Wehrenberg admitted that and stated that I was right about the matter, and he made this statement that Mr. Myers 'was getting old and—Mr. Blaine (interrupting): To which the defendants Myers and Wehrenberg and each of them object for the reason that it is incompetent, irrelevant, and immaterial. Witness: He made this statement as an excuse. that Mr. Myers was getting old, and it would probably be his last term, and they didn't want to make an order that would cross him. Mr. Blaine: Come now the defendants Myers and Wehrenberg, and each of them, and object to the answer, and move that it be stricken and not considered, for the reason that it is incompetent, irrevelant, and immaterial, and a voluntary statement of the witness. The Court: Overruled: To which defendants except. Witness: He stated they were going to let him have his way on that. The Court: The purpose of the question and answer, as I understand it, is to charge Mr. Wehrenberg with knowledge and notice. Mr. Lewis: Yes, sir; with knowledge and notice of the irregularity of the claims."

While this testimony may have been admissible for the purpose for which the court said it was received, it was certainly prejudicial to Myers, and the court should have instructed the jury that it was not to be considered as to Myers. Such an instruction was not given either in this instance or in the many other instances occurring at the trial where similar testimony was admitted in evidence.

Under section 2722, C. O. S. 1921, it is the duty of the court to charge the jury as to all matters of law which are necessary for the information of the jury in giving its verdict. This provision was not complied with. The failure to comply therewith to the prejudice of the defendants is reversible error.

The record in this case shows that the instructions as to burden of proof in no wise comply with the requirements of section 2692, Id. We quote therefrom as follows:

"However, in this connection, you are instructed that if you believe from the evidence that the defendants exercised reasonable care and diligence in their examination of these claims, and to ascertain what their duties were in regard thereto, and acted from honest and conscientious motives, and that there was no intention upon their part to violate or evade the provisions of the law, then you should find them not guilty on this count."

This instruction clearly puts the burden upon the defendants to prove that they exercised reasonable care and diligence and that there was no intention on their part to violate the law. This burden was upon the state and not upon the defendants. The court should have instructed the jury that the defendants might be found guilty only upon a showing that they did not exercise reasonable care and diligence, or that they intended to violate the law. The instruction, in the form given, was clearly a violation of the rights of the defendants.

In Adair v. State, 15 Okla. Cr. 619, 180 Pac. 253, the Criminal Court of Appeals of this state, following the established rule of that court, said:

"The seventh paragraph of the instructions given by the trial court we think too involved, invaded the province of the jury, and placed the burden of proving an affirmative defense upon the defendant, and the giving of said instruction was reversible error.

" 'The burden does not rest upon the defendant to establish even to a reasonable probability the truth of an affirmative defense. If, upon the evidence, both of the state and the defendant, a reasonable doubt is created as to the guilt of the defendant, he is entitled to * * * it.' McClatchey v. State, 12 Okla. Cr. 173, 152 Pac. 1136."

In Courtney v. State, 12 Okla. Cr. 169, 152 Pac. 1134, it is held:

"Instructions which place upon the accused the burden of proving any issue in a criminal case by a preponderance of the testimony are fundamentally erroneous."

In addition to the procedure for removal of officers by accusation of a grand jury, there are two other procedures provided by our statutes, one under section 2407, C. O. S. 1921, by accusation of the board of county commissioners, or, if the accusation is against them, by the county judge and county treasurer, and the other, under sections 2411 to 2425, C. O. S. 1921, by what is known as the Attorney General's Act.

Section 2407, Id., was under consideration by this court in McCasland v. Board of County Commissioners, 126 Okla. 103, 258 Pac. 750, and it was there held that under that procedure it was not necessary to prove the guilt of the defendant beyond reasonable doubt. We think that there is no conflict between that decision and this one. Section 2404, Id., is not a part of the procedure for removing officers on accusation under section 2407, Id. Under the procedure providing for a trial on accusations made under section 2407, Id., "the question of fact shall be tried as in other actions. * * *" The statement made in Maben v. Rosser et al., supra., as to the degree of proof required was said, in McCasland v. Board of County Commissioners, supra, to be obiter dictum, but that statement was itself obiter dictum, because it was in nowise necessary to the determination of the issues in that case. The issue in that case was the procedure on an accusation under section 2407, Id., and it was not at all necessary for the court to discuss the procedure necessary on an accusation under section 2395, Id. We call attention to the able dissenting opinion of Mr. Justice Riley.

In Freas v. State ex rel. Freeling. 109 Okla. 205, 235 Pac. 227, the prosecution was under the Attorney General's Act. The only procedure for a trial thereunder is that "it shall be tried in a speedy manner and shall have precedence in said court and shall be tried at the first term after the filing of the complaint or petition herein named."

Section 2404, Id., is as follows:

"The trial must be by jury and conducted in all respects in the same manner as the trial of an indictment for a misdemeanor."

It is a part of the procedure for removal of an officer by accusation of a grand jury. There is nothing in that act or in our law in conflict therewith. It is a plain, unambiguous statement of the procedure prescribed by the Legislature for removal of officers on an accusation of a grand jury. It can no more be disregarded than any of the other provisions of that article. The Legislature has authority to provide for removal in this manner and to provide a procedure therefor. They did so through the adoption of section 2404, Id. That section has been in the statutes of Oklahoma since 1890. It is the law of this state, and must be complied with. It was disregarded in the trial of this case. The defendants were not tried in the manner provided by law. For that reason, this cause is reversed and remanded for further proceedings not inconsistent herewith.

LESTER, V. C. J., and HUNT, RILEY, and HEFNER, JJ., concur.

MASON, C. J., and CLARK, J., absent.

CULLISON and SWINDALL, JJ., disqualified and not participating.

Note.—See "Counties," 15 C. J. § 99,, p. 453, n. 83, 4, 6.