### GLOECKLER v. WEEDN.

No. 25487.   Oct. 29, 1935.

Robert O. Brown, for plaintiff in error.

Virgil O. Martin, for defendant in error.

PER CURIAM. This is an appeal from a judgment and decree of the county court of Stephens county, Okla., rendered therein on the 4th day of October, 1933, said decree and judgment of the court being in favor of the defendant in error, and against the plaintiff in error. Plaintiff in error was defendant in the lower court, and the parties hereto will be referred to as they appear in the court below.

The plaintiff began his suit on the 16th day of June, 1932, and in his petition he alleges that on or about the 29th day of March, 1931, the defendant procured the professional services and hospital care of one Ted Cox, and at such time and date orally agreed and promised the plaintiff that if he would accept the said Ted Cox as his patient and treat him and render him hospital and professional services, he, the defendant, would pay for the same; that relying upon said promise, the plaintiff accepted the said Ted Cox as a patient in his hospital and rendered him professional services and hospital care; that the amount of said professional services and hospital care was in the amount of $133.75.

Plaintiff further alleges in his petition that said account was due and wholly unpaid and that demand had been made upon defendant for payment, but that the defendant had refused to pay.

Defendant filed an answer in the form of a general denial on the 16th day of July, 1932.

The case was set for trial on the 4th day of October, 1933. The evidence of both the plaintiff and the defendant was introduced in support of their respective contentions, and the jury, after being instructed by the court, rendered a verdict for the plaintiff in the sum of $133.75, together with all costs incurred in said suit.

It appears from the evidence that one Ted Cox, a negro, was brought into the Weedn hospital, owned and operated by the plaintiff, A. J. Weedn, sometime during the month of March, 1931, suffering from a gunshot wound, and that the defendant, H. Gloeckler, came to the hospital immediately thereafter. The plaintiff, A. J. Weedn, on direct examination, testified as follows:

"Q. Now, then, what was said between you and Mr. Gloeckler with reference to taking care of the negro? A. I think, as

394

nearly the exact words I can remember, Mr. Gloeckler said: 'This is a good negro. He works for me, he does not get sufficient salary to pay a bill, so that I will have to pay the bill if you will go ahead and take care of the case, I will pay the bill'."

Plaintiff further testified that the amount of the bill incurred by the hospital care and treatment was $133.75. The defendant admitted, on direct examination, having a conversation with the plaintiff, Dr. Weedn, and testified that he went to the hospital immediately after the injury, to the patient, Ted Cox, but testified that he went for the purpose of taking the patient's wife to the hospital, and denied making any promise to take care of the hospital bill and medical attention for which the suit was brought.

There is testimony of several other witnesses tending to corroborate the testimony of the plaintiff.

This court has held in numerous cases that, "upon an assignment of error which questions the sufficiency of the evidence to sustain the verdict, a judgment based thereon will not be disturbed, where there is evidence in the record reasonably tending to support the verdict. This court will not weigh conflicting evidence to determine on which side lies the preponderance." Freas v. State, 109 Okla. 205, 235 P. 227.

In the case of May v. Roberts, 28 Okla. 619, 115 P. 771, in a case almost identical with the questions involved in this matter, in which the plaintiff, being a doctor, brought suit for professional services rendered the wife of the defendant's tenant, Roberts, the defendant, said to May:

"I want you to go to that little house. * * * My tenant's wife * * * is sick over there, and I want you to look after her and take care of her."

May asked him about the pay, and he said: "I will see that it is paid."

This court held that such evidence was competent and material for the consideration of the jury, and that the liability was primary, and even though verbal, was not within the statutes of frauds.

Finding no error in the record or in the judgment of the trial court, the same is affirmed.

The Supreme Court acknowledges the aid of Attorneys Thomas S. Harris, J. V. Frazier, and C. B. Rockwood in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Harris and approved by Mr. Frazier and Mr. Rockwood, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ., concur.