In re BOWLING et al.

No. 29789.  Oct. 8, 1940.

Rehearing Denied Oct. 29, 1940.

*106 P. 2d 824.*

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Harry O. Glasser, of Enid, for the State, complainant.

O. B. Martin, of Blackwell, and Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendants in error.

BAYLESS, C. J. A duly impaneled grand jury of Grant county, Okla., presented an accusation against Harry L. Wilson and Emmet McGivney and another (who has now resigned and is not now a party on appeal), members of the school board of school district No. 90, Pond Creek, Grant county, Okla., charging acts "of habitual and willful neglect of duty, gross partiality in office, oppression in office and willful maladministration in * * * office" contrary to "section 1181, Oklahoma Statutes Annotated, Permanent Edition," and the matter was tried before a judge of the district court sitting without a jury.

At the close of the state's evidence, the defendants separately demurred to the evidence introduced, which demurrers were at the time overruled, the trial judge stating: "* * * I think there is evidence that would justify removal if it is not contradicted." Thereupon the defendants began the introduction of evidence and the trial judge interrupted the trial by the following: "It is proposed here that the superintendent either resign or be discharged by your board; and when that is done, I am going to dismiss this proceeding against these three members of this board." There followed an adjournment during which the board members on trial held a meeting and adopted a resolution reading:

"That whereas there is now pending in the district court of Grant county, Oklahoma, an accusation against Faris Bowling, Harry L. Wilson and Emmet McGivney, as members of the board of education of Pond Creek, Oklahoma, on which there has been a trial in progress for the past four days, and whereas it appears from the observation of the trial court, Hon. O. C. Wybrant, that the matter in controversy could be settled and dismissed in the event the services of W. S. Ray, superintendent of Pond Creek schools, were terminated at this time, which would result in a more harmonious administration among the present members of the board of education.

"And whereas it is the intention and desire of the board to co-operate with the court and to do everything proper in bringing about a harmonious settlement of all contentions, and do everything for the continued betterment of Pond Creek school system.

"And whereas the superintendent, W. S. Ray, has been requested at this time to submit his resignation to the board, which he refuses to do.

"Now, therefore, be it resolved by the board of education of Pond Creek school district No. 90, Grant county, Oklahoma, that the written contract heretofore entered into on the 1st day of July, 1939, by and between the board of education of Pond Creek and the said W. S. Ray, be and the same is hereby canceled and terminated."

This resolution was then presented to the trial judge, and the journal entry recites:

122

"And now, on this 20th day of October, 1939, at 9:00 o'clock a. m. further trial of this cause is resumed before the district court of Grant county, Oklahoma, with all parties and their counsel appearing as heretofore, and thereupon the court announced that after consideration upon the court's part, it had been concluded by the court that if the majority of the school board would immediately convene and either secure the resignation of W. S. Ray as superintendent of the Pond Creek school or vote his dismissal as such superintendent, the court would reconsider its action in overruling the demurrer of the defendants to state's evidence offered at the conclusion of the state's evidence, and would sustain such demurrers, and the court thereupon orders the trial of this cause recessed until the hour of 1:30 p. m.

"And now the hour of 1:30 p. m. having arrived, the defendants herein, as majority members of the board of education of Pond Creek school district Number 90, announce that during the noon hour of this date, a special call meeting of the board of education of said school district had been held in its office in the High School building in the town of Pond Creek, Grant county, Oklahoma, pursuant to an oral notice of such meeting given to each member thereof, the purpose of which was to consider the dismissal of W. S. Ray as superintendent of city schools of Pond Creek, Oklahoma, and the defendants tender to the court, as evidence in this case, the original resolution passed by the majority of the board of education of Pond Creek school district Number 90, discharging the said W. S. Ray as superintendent of schools at Pond Creek, after the said W. S. Ray had declined to tender his resignation to said board. The plaintiff thereupon objects to the introduction of said resolution as evidence in this case and objects to proceedings so had in conformity with the court's direction therefor, which objections are considered and overruled, by the court, to which plaintiff excepts and an exception is allowed. Thereupon the defendants and each of them ask the court to reconsider its ruling and judgment upon the separate demurrers heretofore interposed by each defendant in this cause, which request is over the objection of the state granted."

The state appeals and contends that the trial judge correctly overruled the demurrers when they were presented and argued; and that in the course of procedure adopted thereafter whereby the trial judge attempted to act as a board of clemency and disposed of the matter upon a basis other than the weight of the evidence and the law applicable error was committed.

The defendants contend the trial judge erred in overruling the demurrers, that he had power to reconsider his action thereon, and that his ultimate ruling amounted to a proper disposition of the case.

The right to remove an officer by trial of a grand jury's accusation and the procedure to be followed is prescribed by statute. Sections 3447-58, O. S. 1931, 22 O.S.A. §§ 1181-1192. See Myers v. State, 137 Okla. 272, 278 P. 1106.

The proceeding is civil in nature and not criminal. State v. Scarth, 151 Okla. 178, 3 P. 2d 446.

From our examination of the record, we are of the opinion that the trial judge did not err in overruling the demurrers to the state's evidence at the time they were first presented. It will not aid in the discussion of the issues or a determination thereof to state the evidence introduced, but we think such evidence was sufficient to constitute a prima facie case (Logan v. Young, 121 Okla. 203, 249 P. 369, 371), and was sufficient to justify overruling the demurrers and to require the defendants to controvert the evidence introduced.

The defendants had begun the introduction of their evidence when the proceedings terminated as above pointed out. We are not called upon to weigh all of the evidence introduced by the parties, because the trial judge did not do so. His disposition of the demurrers by the later ruling was not in consideration of the weight and value of the state's evidence, but was wholly in consideration of what the defendants did during the recess in the trial in terminating the superintendent's relation to the

school district. If the trial judge had considered such evidence as the defendants had introduced to rebut the state's evidence, plus the action of the members of the school board on trial in meeting as the board and discharging the superintendent, as sufficient to justify a finding and judgment of not guilty, and had so rendered judgment, we would have a different issue for consideration. We cannot undertake a consideration of such an aspect of the case, as we have said, for we ought to consider only what the trial judge has considered; and, if we should feel that the defendants had failed to discharge the burden upon them it would be unfair to them because the trial judge stopped the trial before they had introduced all of their evidence, and we do not know from the record before us what all of their testimony would have been.

By what we have said we do not mean to be understood to say that a trial judge may not reconsider his previous action in overruling a demurrer to the plaintiff's evidence; we only mean to say that if a trial judge undertakes to reconsider such action, he must base his judgment thereon upon the weight and value of the plaintiff's evidence.

The order and judgment sustaining the demurrers to the state's evidence are reversed, and the cause is remanded to the trial court for further proceedings.

RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.